(124 N. W. 426.)

---

Cassius C. Hammond v. The Northwestern Construction & Improvement Company et al.

Opinion filed January 17, 1910.

**Specific Performance—Parties Entitled to Enforce Performance—Part, Interest In Subject-Matter.**

1. A contract was entered into in 1888 between appellant construction company on the one side and respondent Hammond and appellants John H. Wishek and Lilly as a co-partnership under the name of the McIntosh County Bank, on the other, whereby the construction company agreed to sell and the bank agreed to buy two lots in the town of Ashley and pay therefor $300 on the occurrence of certain events. The partnership mentioned was subsequently dissolved and its assets distributed, with the exception of the contract mentioned. The events happened, but the vendees never paid any taxes as they agreed to do, and never paid the purchase price for the lots. The contract contained a provision that no assignment of it or of the property by the vendees would be recognized or binding on the vendor unless consent in writing was indorsed thereon by the vendor. It never was assigned to Hammond orally, or in writing, and no consent by the

vendor was ever given to any assignment. Wishek and Lilly never consented that title might be conveyed to Hammond by the construction company. Hammond's interest in the contract was a one-third interest. Hammond brought this action to compel specific performance by deed of the whole title to such lots to him alone. All the other parties to the contract defended.

*Held,* that Hammond cannot maintain such action.

Appeal from District Court, McIntosh county; *Allen,* J.

Action by Cassius C. Hammond against the Northwestern Construction & Improvement Company and others. Judgment for plaintiff, and defendant appeals.

Reversed and dismissed.

*W. S. Lauder* and *Franz Shubeck,* for appellants.

*A. W. Clyde,* for respondent.

SPALDING, J.    Judgment was entered in the district court of McIntosh county in this action in favor of plaintiff and respondent. The complaint is of great length and the answer correspondingly long. The case was tried without a jury, and is here under the provisions of section 7229, Rev. Codes 1905, for review of the entire case. The printed record contains 633 pages, and many questions are raised and discussed in the briefs. We, however, find it a very simple matter to decide the appeal. In the year 1886, plaintiff and the defendants John H. Wishek and Lilly entered into a copartnership under the fictitious name of the McIntosh County Bank, which did business at Hoskins, in McIntosh county, for a time, and subsequently moved to Ashley. In December, 1888, the McIntosh County Bank entered into a contract with the appellant the Northwestern Construction & Improvement Company, which was the holder of the legal title to the townsite of Ashley, for the purchase of lots 6 and 7, in block 11, in the town of Ashley, and agreed to pay the sum of $300 therefor, "when the track shall have been completed and trains running into Ashley and the depot located on the present grade end near Main street in said town of Ashley." The contract contained the usual provisions, making time of the essence thereof, and requiring the bank to pay the taxes, and for the cancellation thereof in case of default, etc. It was also agreed that no sale, transfer, assignment, or pledge of such contract or any interest therein, or of, or in, the premises therein described, should be binding in any manner upon the construction company unless it should

first consent thereto in writing thereon. This contract did not disclose the names of the individuals composing the firm of the McIntosh County Bank, and no certificate was ever filed with the clerk of the district court or published, as required by law, showing the membership of such firm. In 1889, the firm name was changed to Wishek-Lilly & Co., and the banking business discontinued, but a general collection business was conducted under the new firm name as had theretofore been done by the banking firm. The last-named firm continued in business until the latter part of 1894 or the early part of 1895, when it was dissolved and its assets substantially divided between the partners by mutual consent. It is claimed by the appellants that when the firm of Wishek-Lilly & Co. dissolved, which, in fact, was brought about by the withdrawal of Lilly, and their affairs settled, it was agreed between all parties that the contract in question should be surrendered to the construction company; nothing having been paid on the purchase price and the vendees never having paid any taxes. This is denied by the respondent, but we deem the fact immaterial. In 1900 Appellant Beveridge purchased of the construction company through its agent, John H. Wishek, lot 6 for $200, and placed valuable improvements thereon, and in April, 1905, defendant Nina Wishek purchased from the construction company lot 7, receiving therefor a quitclaim deed. It is agreed that the contract in question was not physically surrendered to the construction company. It does not appear that it or its officers had knowledge of the alleged agreement to surrender it, or that they assented to it, other than as that may be inferred from the fact of their deeding the lots in question and paying taxes on them, and from the further fact that Wishek was their agent. The contract remained in the safe of the defendant Wishek until some time prior to the commencement of this action, when it was taken therefrom by the plaintiff Hammond, without the knowledge or consent of the other parties to the action. No claim is made that it ever was assigned to him either in writing or orally, or that the construction company ever assented to its being assigned to him or any other person. The plaintiff tendered the amount due on the contract, reimbursed the construction company for the taxes it had paid, and brought this action to compel the execution and delivery of a deed of the lots to himself personally.

We are at a loss to understand on what theory it was found that he, in his individual capacity, was entitled to a deed of the lots. The other persons comprising the firm known as the McIntosh County Bank did not assent to the execution and delivery of a deed to him, and the vendor in the contract did not, and all parties defend in this action. It is elementary that specific performance of a contract will not be decreed in favor of those not parties to the contract, and when it may be decreed, it can only be done in favor of all the parties jointly interested, either as vendors or vendees. The majority in number and interest of the vendee firm is not seeking specific performance in this case. The action cannot be maintained by one only of the partnership for his individual benefit. He is not the party with whom the construction company contracted. It never contracted to convey the lots to him, and the contract never was assigned to him. The construction company never assented to his being substituted as the vendee for the partnership known as the McIntosh County Bank. Hammond owned but a joint one-third interest in the contract even if, as contended by him, the agreement to surrender was never, in fact, made or accepted. The construction company would not be compelled to convey anything less than the whole property. Plaintiff demanded a conveyance, not of his one-third interest, but of the title to the whole of the property on his paying the amount due without any compensation to the other members of the copartnership for their interests or for its enhanced value. It is clear that the respondent cannot maintain such action.

The judgment is reversed, and the action dismissed. All concur. (124 N. W. 838.)