F. ORTH, Geo. E. Towle, J. R. Orth, and E. B. Orth, Trustees for Citizens State Bank of Regent, North Dakota, Dissolved, Respondents, v. CHARLES PROCISE and Nellie Lee Procise, Defendants, NELLIE LEE PROCISE, Appellant.

(165 N. W. 557.)

Mistakes of law are of two classes:

**Mistake of law — by all parties.**
　　1. A mistake common to all parties.

**Law — mistake of — by one party — knowledge of — by other party — fraud.**
　　2. A mistake or misapprehension of the law by one party of which the others are aware at the time of contracting, but which they do not rectify.
　　In this case the good banker fraudulently led the defendant into a mistake of the law and thereby obtained her signature to the promissory note. To sanction such a procedure would be a reproach to the court.

Opinion filed November 16, 1917. Rehearing denied December 14, 1917.

Appeal from the District Court of Hettinger County, Honorable *W. C. Crawford,* Judge.

Defendant appeals.

Reversed.

*Jacobsen & Murray* (and *E. T. Burke* on oral argument), for appellant.

It is necessary to allege and prove the execution and delivery of a power of attorney in foreclosure proceedings. Comp. Stat. 1913, § 8075.

"An issue of fact in an action for the recovery of money only must be tried by a jury." Comp. Stat. 1913, § 7608.

Evidence to show mistake on the part of both parties, or on the part of only one of the parties, or fraud by one party on the other, is always admissible. Erickson v. Wiper, 33 N. D. 193, 157 N. W. 592; De Rue v. McIntosh, 26 S. D. 42, 127 N. W. 532.

Agreements or representations made by one party to induce the other to execute a written contract may be shown by parol evidence, where the contract was actually executed upon the faith of the parol agreement or

representations, or where they form a part of the consideration for the written contract. 17 Cyc. 672, 716, and 718.

In an action by the payee, the maker of a note may show by parol that he executed the note as an accommodation to the payee and received no consideration. National Citizens Bank v. Bowen, 109 Minn. 473, 124 N. W. 241; Conrad v. Clarke, 106 Minn. 430, 119 N. W. 214, 482; Shalleck v. Munzer, 121 Minn. 65, 140 N. W. 111; 8 Cyc. 252, note 39.

"A contemporaneous writing whereby the parties agreed that notes were to be paid out of a particular fund is a defense." 8 C. J. 741, note 88.

"It is competent, in support of a plea of want of consideration, to prove that the notes in suit were asked for by plaintiff and were given by defendant merely as a matter of form." Independent Brewing Asso. v. Klett, 114 Ill. App. 1; 8 C. J. 745.

Parol evidence subsequent to the execution of a written contract relating to it is admissible. 17 Cyc. 734.

*F. C. Heffron,* for respondents.

"Defendant knew he was signing a note, and this note in plain, unequivocal terms obligated him to pay a certain amount of money at a certain time. To permit defendant to show, by parol testimony, that at the time he signed the note it was orally agreed that he was not bound by the conditions thereof, but was to be relieved and released from the payment thereof at some future time when payee should take the note of another person in place thereof, is so obviously contradictory to and variant from the terms of the note itself, that its incompetency is self-evident." First State Bank v. Kelly, 30 N. D. 84, 152 N. W. 125, Ann. Cas. 1917D, 1044; First Nat. Bank v. Prior, 10 N. D. 146, 86 N. W. 362; Plano Mfg. Co. v. Root, 3 N. D. 165, 54 N. W. 924; Moline Plow Co. v. Gilbert, 3 Dak. 239, 15 N. W. 1, 119 U. S. 491, 30 L. ed. 476, 7 Sup. Ct. Rep. 305; Tourtelot v. Whithed, 9 N. D. 467, 84 N. W. 8; Sargent v. Cooley, 12 N. D. 1, 94 N. W. 576; Rieck v. Daigle, 17 N. D. 365, 117 N. W. 346; Anderson v. Matheny, 17 S. D. 225, 95 N. W. 911; Central Bank v. O'Connor, 132 Mich. 578, 94 N. W. 11; Westphal v. Nevills, 92 Cal. 545, 28 Pac. 678; Colvin v. Goff, 82 Or. 314, L.R.A.1917C, 300, 161 Pac. 568; Armstrong v. Scott, 36 Fed. 63; Moore v. Beem, 83 Ind. 219; Ewing v. Clark, 76 Mo. 545; Farmers &

T. Bank v. Laird, 188 Mo. App. 322, 175 S. W. 116; People's Bank v. Francis, 8 N. D. 373, 79 N. W. 853.

The failure to prove the existence of a power of attorney to foreclose a mortgage, or to offer such power of attorney in evidence, does not bear upon the merits of the case, even though such proof be necessary, which fact is doubtful. Frank v. Davis, 135 N. Y. 275, 17 L.R.A. 306, 31 N. E. 1100.

ᴿᴼᴮᴵᴺˢᴼᴺ, J. Nellie Procise appeals from a judgment for $1,816. It was recovered on a promissory note made by her and her husband to the Citizens State Bank of Regent, North Dakota. Her defense is that she signed the note without any consideration, and that she was induced to sign it by false and fraudulent representations made to her by the bank cashier. Her husband, Charles Procise, was indebted to the bank, and to secure the same he made to it a mortgage on real property, and to release her interest in the same, Nellie Procise signed the mortgage without any covenant to pay the debt. The bank cashier requested her to sign the note with her husband; that she positively refused to do, but the cashier insisted and assured her that the mortgage would not be good without her signature on the note; that it was a mere form, and that she would never be liable on the note, and she signed it relying on such assurances.

The testimony of her husband is clear and positive and uncontradicted. He testifies: "We had just finished our dinner when Orth, the cashier, and Mr. Ruling came to our house. Mr. Orth brought out his papers and I signed them. 'Now, he says, your wife will have to sign the mortgage, Charlie.' So I stepped into the kitchen and asked my wife to come and sign the mortgage. She came and signed it, and Mr. Orth handed her the note to sign. She said, 'I don't have to sign that, do I?' Mr. Orth said: 'She has got to sign the note, Charlie, or the mortgage would be no good.' She protested that it was not necessary, and she absolutely refused to sign the note. Mr. Orth told her that the mortgage would be no good unless she signed the note, and he said: 'You need not be afraid. We just want you to sign the note merely to validate the mortgage, and you cannot be held for it, and we will never try to hold you for it. To give validity to the mortgage it is absolutely necessary for you to sign the note.'" Her testimony is to the same

effect, and so it clearly appears that she signed the note relying on representations which the cashier must have known to be false. Now, it is contended that the defense is inadmissible as it tends to vary the effect of a written instrument.

In a recent well-considered case Mr. Justice Christianson collated many authorities and expressed the rule thus: One of the exceptions seems to be that agreements or representations made prior to a written contract under which the party was induced to sign the contract may be shown; in other words, where a parol contemporaneous agreement was the inducing and moving cause of the contract, or where the parol agreement forms a part of the consideration for a written contract, and where the written contract was executed upon the faith of the parol contract or representation, such evidence is admissible. Erickson v. Wiper, 33 N. D. 206, 157 N. W. 592.

To deny the admission of such evidence would be to allow one of the parties to enter into an agreement under false representations, and then to aid him to enforce it against his adversary notwithstanding the fraud practised upon him by holding out to him the fraudulent inducement. Erickson v. Wiper, 33 N. D. 210, 157 N. W. 592.

Section 5842: The consent of parties to a contract must be free and mutual.

Section 5844: An apparent consent is not real or free when it is obtained by duress, menace, fraud, undue influence, or mistake.

There are mistakes of fact and of law.

Section 5855: Mistakes of law are of two classes:

1. A mistake common to all parties.

2. A mistake or misapprehension of the law by one party of which the others are aware at the time of contracting but which they do not rectify.

In this case the good banker fraudulently led the defendant into a mistake of the law, and thereby obtained her signature to the promissory note. To sanction such a procedure would be a reproach to the court.

Judgment reversed.