F. ORTH, George E. Towle, J. R. Orth, and E. R. Orth, Trustees for Citizens State Bank of Regent, North Dakota, Dissolved, Appellants, v. CHARLES PROCISE and Nellie Lee Procise, Respondents.

(171 N. W. 861.)

**Judgments — trial under Newman Act — what judgment reversed means.**

1. In trials *de novo*, under the Newman Act, § 7846, Compiled Laws 1913, in the supreme court, the use of the term "judgment reversed," in the opinion of the court determining the case, means a final disposition of the case, unless it

appears from the opinion of the court, or the language used, that a new trial is ordered or may be granted.

**Judgment — appeal under Newman Act — authority of trial court to grant new trial.**

2. Where an appeal has been had to this court in an action which is triable, and has been tried and submitted under the Newman Act, and this court in its opinion indicated a final disposition of the case and ordered the judgment to be reversed, it is *held* that the trial court had no authority to grant a new trial in such action, upon motion made therefor, and that it was proper to enter a judgment of dismissal, and for costs in the trial court against the appellants herein.

**Judgment — judgment for foreclosure of mortgage — effect of judgment in lower court where only one of two defendants appeals.**

3. Where judgment is rendered upon an action brought upon a note and mortgage, and for the foreclosure thereof, against two defendants, and one only of the defendants appeals therefrom, the reversal of such judgment by this court, on such appeal, does not operate to reverse the judgment rendered against the other defendant who has not appealed.

Opinion filed March 15, 1919.   Rehearing denied April 10, 1919.

Appeal from order of District Court, Hettinger County, *Crawford,* J., denying motion for new trial.

Affirmed.

*F. C. Heffron,* for appellants.

There are two ways in which supreme courts order new trials in the trial court.   One is by express words, and the other is by use of the phrases "judgment reversed" "remanded for further proceedings." Daniels v. Butler (Iowa) 155 N. W. 265; Sanders v. Sutlive (Iowa) 154 N. W. 610; Kirshman v. Swehla (Iowa) 17 N. W. 908; Jordan v. Winser, 48 Iowa, 180; Howell v. Sherwood (Mo.) 147 S. W. 810; Heidt v. Minor (Cal.) 45 Pac. 700; Myers v. McDonald (Cal.) 8 Pac. 809; Backus v. Burke (Minn.) 53 N. W. 1013; Laithe v. McDonald, 7 Kan. 254; Hays Bank v. Edwards (Kan.) 115 Pac. 118; Merrill v. Merrill, 65 Me. 79; Schley v. Schofield, 61 Ga. 528; Benbow v. Robbins, 71 N. C. 338; 4 C. J. 1239, note 96; Laithe v. McDonald, 7 Kan. 287; Crockett v. Gray, 2 Pac. 809.

The words "judgment reversed" means the same in equitable actions as in law actions, and in states having trial *de novo* in the supreme court

in equity actions.  Daniels v. Butler, 155 N. W. 265; Kirshman v. Swehla, 17 N. W. 908; Jordan v. Winser, 48 Iowa, 180; Sanders v. Sutlive, 154 N. W. 610.

"Judgment reversed" has the same meaning in a trial *de novo* in the supreme court as it has in a law action.  Daniels v. Butler, 155 N. W. 265.

The judgment having been reversed, there is no judgment upon the findings and conclusions made at the original trial and the district court cannot enter judgment for defendant.  Burke v. Backus, 53 N. W. 1013; Schley v. Schofield, 61 Ga. 528.

Plaintiffs having obtained judgment on a motion which in effect was a demurrer to defendants' evidence, it is only fair that plaintiffs should have an opportunity in a new trial to rebut defendants' testimony.  First State Bank v. Kelly, 30 N. D. 84; Thompson v. McKee, 5 Dak. 172; Towner v. Lucas, 13 Gratt. 705; Duty v. Sprinkle, 60 S. E. 882; Kulekamp v. Groff, 71 Mich. 675, 1 L.R.A. 594, 40 N. W. 57; Union M. L. Ins. Co. v. Mowry, 96 U. S. 545, 24 L. ed. 675; Martin v. Hamlin, 18 Mich. 365; Knoblauch v. Crossman, 37 N. W. 586; Jackson v. Bank, 46 S. W. 295; Earle v. Enos, 130 Fed. 467; Stiles v. Van de Water, 48 N. J. L. 67, 4 Atl. 658; Ockington v. Law, 66 Me. 551; Crocker v. Hamilyon, 59 S. E. 722; McCallum v. Boughton, 132 Mo. 601.

*Jacobsen & Murray,* for respondents.

The decision of the supreme court was a decision upon the merits of the whole case, and every piece of evidence in it was introduced in the lower court.  Neither the remittitur nor the decision orders that a new trial be had in the lower court.  Orth v. Procise, 38 N. D. 580; Comp. Laws 1913, § 7846.

BRONSON, J.  This is an appeal from an order denying a motion for a new trial.  The parties were before this court in a former appeal (38 N. D. 580, 165 N. W. 557).  In that appeal Nellie Procise appealed from a judgment rendered against her and her husband, and her defense was that she signed the note without consideration, and that she was induced to do so by false and fraudulent representations.  In that appeal, this court reversed the judgment.  After the remittitur was sent to the trial court, the appellants herein made a motion for a

new trial, upon the grounds that the entire judgment was reversed in this court, both as to Nellie Procise and her husband, thereby granting to the appellants the right to have a new trial, and upon the further ground that, if a new trial were granted, the plaintiffs would be able to show by evidence that they could then produce, that the testimony of the defendants in the former trial was untrue. The trial court in its order denying the motion for a new trial stated that, upon the showing made, the appellants herein were entitled to a new trial on the merits, but was prohibited from granting such new trial by the decision of this court. Thereafter, the trial court entered judgment in this action, pursuant to the decision of this court in the former appeal, vacating, canceling, and annulling the judgment against Nellie Procise theretofore rendered, and awarding judgment for her against the appellants for her costs and disbursements in the trial court and in this court.

The appellants contend that the order given by this court in the former appeal, to wit, the words "judgment reversed," in effect only vacates the judgment of the trial court and grants the right to the trial court to permit a new trial, or it operates by the words used to reverse the judgment and order a new trial. The appellants further contend that the effect of such reversal by this court was to vacate the judgment against both defendants in such action even though only one appealed from the judgment entered. It is clear from the reading of the opinion of this court, and the record in that case in the former appeal, that such action was an action triable and tried under the Newman Act, and appealed and determined under that act, and that this court intended to reverse in fact the judgment rendered against Nellie Procise; that is, to reverse the judgment against her, and to enter a judgment of dismissal in her favor. It is clear, also, that the trial court so interpreted the judgment of this court in such former appeal. The contentions of the appellant must be answered by a consideration of the express statutory provisions applicable in this state upon appeals had under the so-termed Newman Act. Comp. Laws 1913, § 7846. Under this act this court is required to try *de novo* the case appealed where a retrial is demanded, and are required to finally dispose of the case whenever justice can be done without a new trial, and may either affirm or modify the judgment, or direct a new judgment to be entered,

but this court may, if deemed necessary, order a new trial of the action. It is apparent that this statute requires the final disposition of a case so appealed, unless this court deems it necessary, in order to accomplish justice, that a new trial be ordered. The ordinary and customary practice in appeals under such act, where a new trial is granted by this court, is to directly order such new trial. Landis v. Knight, 23 N. D. 450, 137 N. W. 477; Paine v. Dodds, 14 N. D. 189, 116 Am. St. Rep. 674, 103 N. W. 931; Tronsrud v. Farm Land & Finance Co. 18 N. D. 417, 121 N. W. 68; Sutherland v. Noggle, 35 N. D. 538, 160 N. W. 1000; Williams County State Bank v. Gallagher, 35 N. D. 24, 159 N. W. 80. This court further, under such statute, may reverse the judgment and dismiss the action. Hammond v. Northwestern Constr. & Improv. Co. 19 N. D. 699, 124 N. W. 838. See Hoellinger v. Hoellinger, 38 N. D. 636, 166 N. W. 519. The contention of the appellants that the reversal of the judgment in the former appeal reversed the judgment as to both parties does not apply in this state. Parties severally liable may be joined in the same suit. Comp. Laws 1913, § 7404. A judgment severally may be taken against joint debtors. Comp. Laws 1913, § 7435. Even the release of one of two or more joint debtors does not extinguish the obligations of the others unless they are mere guarantors. Comp. Laws 1913, § 5835. This was an action on a promissory note to foreclose a mortgage given therefor and for a deficiency judgment. The release or discharge of Nellie Procise would not operate to release her husband upon the judgment rendered. It therefore follows that this court in the former appeal disposed of this action with regard to Nellie Procise, and the trial court did not err in refusing to grant a new trial. The order of the trial court is affirmed, with costs to the respondent.