L. R. BAIRD, as Receiver of the Peoples State Bank of Leith, North Dakota, a Corporation, Appellant, v. PUBLISHERS' NATIONAL SERVICE BUREAU, a Corporation; Wm. Clausen, Robert Franzen, W. B. Noyes and H. A. Seely, Respondents.

(199 N. W. 757.)

**Corporations — directors personally liable on individual indorsement of note.**

1. Where the directors of a corporation indorse a note in their individual names without disclosing the corporation and without indicating that they signed in any representative capacity, they are personally liable on the contract of indorsement.

**Bills and notes — payee's representation that corporation's indorsement may be effected by individual indorsement of directors not defense in action against directors individually.**

2. Representations by the payee to the effect that an indorsement by a corporation is desired and that it may be affected by the members of the board of directors indorsing their individual names, is a misrepresentation as to the legal effect of their act in so indorsing and does not constitute a defense to an action against the indorsers in their individual capacity.

**Contracts — mistaken impression as to legal effect of execution of written instrument not defense.**

3. Where an instrument is executed in the manner in which both parties intended it to be executed and the legal effect of its execution is to bind parties, individually and personally, a mistaken impression, though contributed to or induced by the other party, that they would not be bound personally is not a defense.

Opinion filed June 21, 1924. Rehearing denied July 29, 1924.

Bills and Notes, 8 C. J. § 195 p. 107 n. 7; § 267 p. 157 n. 75. Contracts, 13 C. J. § 286 p. 387 n. 58. Corporations, 14a C. J. § 1046 p. 786 n. 79; § 1950 p. 172 n. 25. Evidence, 22 C. J. § 74 p. 143 n. 15; § 1651 p. 1238 n. 52.

Appeal from the District Court of Grant County, *Lembke,* J.
Reversed and remanded.

*A. T. Nelson, Newton, Dullam & Young,* for appellant.

To permit the defendant to show by parol testimony that at the time he signed the note it was orally agreed that he was not to be bound by the conditions thereof, but was to be relieved and released from the payment thereof at some future date when the payee should take the note of another person in place thereof, is so obviously contradictory to and variant from the terms of the note itself, that its incompetency is self-evident. Parol testimony, as we have held is admissible to show that for some reason the written contract never became effective or has no valid legal existence. A consideration and delivery are essential to a valid contract. Therefore it may be shown by parol that the contract never became effective, or has no legal existence. Hence, in a proper case, it may be shown by parol that the note never was delivered; that the maker received no consideration therefor; or that the contract was vitiated by fraud or mistake. The testimony under consideration in this case, however, does not come within any of the recognized rules

for the omission of parol testimony. Its purpose and effect was to establish a contract different in terms from that of the written contract. We are satisfied that this testimony should have been excluded, and that its admission was prejudicial error. First Nat. Bank v. Prior, 10 N. D. 146, 86 N. W. 362; Sargent v. Cooley, 12 N. D. 1, 94 N. W. 576; Rieck v. Daigle, 17 N. D. 365, 117 N. W. 346; 17 Cyc. 589, 644; 2 Enc. Ev. 453; Dan. Neg. Inst. § 80; 4 Am. & Eng. Enc. Law, 2d ed. 146. See also Comp. Laws, 1913, § 5889.

Under the decisions of this court sustained by other courts of high authority, it is entirely clear that the evidence as to the conversion between the defendant and the officers of the bank at the time of the execution of the notes was incompetent and should have been excluded under plaintiff's objections. Mead v. Pettigrew, 11 S. D. 529, 78 N. W. 945; Thompson v. McKeem, 5 Dak. 172, 37 N. W. 367; Minneapolis Thresh. Mach. Co. v. McDonald, 10 N. D. 408, 87 N. W. 993; Pollen v. Le Roy, 30 N. Y. 559; Alabama Nat. Bank v. Rivers, 116 Ala. 1, 67 Am. St. Rep. 99, 22 So. 580; Central Sav. Bank v. O'Connor, 132 Mich. 578, 102 Am. St. Rep. 433, 94 N. W. 11; Stack v. Beach, 74 Ind. 571, 39 Am. Rep. 113; Shuey v. Adair, 18 Wash. 188, 39 L.R.A. 473, 63 Am. St. Rep. 879, 51 Pac. 388; Noyes v. Ostrom, 113 Minn. 111, 129 N. W. 142; First Nat. Bank v. Engebretson, 28 S. D. 185, 132 N. W. 786.

The general rule is that where an officer or agent executes a negotiable instrument in behalf of the corporation, but neither the body of the note nor in his signature is the manner or capacity in which he acts shown, then he is personally liable. 2 Thomp. Corp. 2d ed. p. 986; Daniel v. Gliddon, 38 Wash. 556, 80 Pac. 811; San Bernardino Nat. Bank v. Andrewson, 32 Pac. 168; Keokuk Falls Improv. Co. v. Kingsland & D. Mfg. Co. 5 Okla. 32, 47 Pac. 484; Mathews v. Dubuque Mattress Co. 87 Iowa, 246, 19 L.R.A. 676, 54 N. W. 225; Davis v. England, 141 Mass. 587, 6 N. E. 731.

The discharge of the indorser was urged on the ground that certain statements had been made by the officers of the bank which induced the indorser to sign the paper under a belief that by doing so he incurred no legal responsibility. As the ground already is clear, it is unnecessary to add in this case, as was stated by the court in the case of Dunn, that the officers of the bank had no authority, as agents of the

bank, to bind it by the assurance which they gave. Bank v. Jones, 8 Pet. 14, 8 L. ed. 850.

Fraud is not predicated upon the mere expression of an opinion or upon representations in regard to matters of estimate or judgment. Those to whom statements of this kind are made have no right to rely upon them, and if they do rely upon them they do so at their peril. 12 R. C. L. 245, et seq.; 26 C. J. 1079, et seq.

It may be added that the term fraud must here be understood in its legitimate narrow sense, i. e., a misrepresentation of a present or past fact; for although a much looser significance has been occasionally intimated, yet it is obvious that an intention not to perform a promise, i. e., a misrepresentation as to a future fact or a subsequent failure knowingly to perform an extrinsic agreement not embodied in the writing, cannot in strictness be legally included in the term "fraud." 4 Wigmore, Ev. § 2439.

*Jacobsen & Murray* and *C. L. Crum,* for respondent.

A party to an instrument cannot take advantage of his own fraud, and this rule applies alike to corporations as to individuals. Orth v. Procise (N. D.) 165 N. W. 557.

A parol contemporaneous agreement which constituted the inducing cause of a written contract, or formed a part of the consideration therefor, is generally admissible in evidence. Erickson v. Wiper, 33 N. D. 193; First State Bank v. Kelley, 30 N. D. 85.

In an action on a note, parol evidence is admissible to show that the signature attached to it was made in the capacity of agent for a company, and that the consideration passed to the company; and in such case, if the payee knew that the note was given by the agent of the company, as such, in settlement of an indebtedness of the company, such agent is not bound on the note, though he had no power as such agent to execute it. Bean v. Pioneer Min. Co. (Cal.) 6 Pac. 86; McCallum v. Peterson, 173 N. Y. 1, 65 N. E. 738; Birmingham Iron Foundry v. Regnery, 33 Pa. Super. Ct. 54; American Trust Co. v. Canven, 107 C. C. A. 543, 184 Fed. 657; Bradley v. McKee, 5 Cranch, C. C. 298, Fed. Cas. No. 1,784; Lockwood v. Coley, 22 Fed. 192.

The mere statement of an honest opinion as distinguished from an assertion of fact will constitute fraud only when the statements become

in legal effect representations of fact, or the expressions of opinion are insincere, and made with ulterior purpose to deceive or mislead the injured person.

Whether a statement is in legal effect a representation of fact or was insincere, and made with ulterior purpose to deceive or mislead cannot be often determined as a matter of law, but is ordinarily a jury question, to be determined not alone from the words employed, but also from circumstances attending and characterizing their use. Owens v. Norwood-White Coal Co. (Iowa) 174 N. W. 851.

A representation that an insurance company has authority and right to do business in Minnesota is an implied representation that it has complied with the laws of this state, and has procured official permission therefor, and if the representation is false, it is actionable.

As against a subsequent bona fide holder, the liability created by the indorsement in blank of a bill or note cannot be varied by parol evidence. But, as between the original parties to such an indorsement the terms of the contract is a proper subject of inquiry, and may be established by parol evidence. Corbett v. Fetzer, 66 N. W. 417.

That this is a valid defense cannot now be called in question, and we do not understand counsel for appellant to claim otherwise. The precise question was determined by this court in the case of Harrison v. McKin, 18 Iowa, 485, where it was held that, in an action by the indorsee against the indorser of a promissory note, on an indorsement made in blank, it is competent for the defendant to show by parol evidence that the plaintiff took the note thus indorsed without recourse. Truman v. Bishop, 50 N. W. 278.

The plaintiff further contends that the answer fails to show a defense to the notes upon which the judgment is based. We need not stop to inquire whether, in order to obtain relief from a judgment obtained by fraud, it is necessary to show a defense to the action in which such judgment was rendered. Whether necessary or unnecessary the defendant has in his answer stated a valid defense to the action brought in the state of Ohio. It is true that such defense involves contradiction of the contract which the law implies, over his indorsement of the notes upon which the action was based. But this court is thoroughly com-

mitted to the doctrine that that may be done, so long as the rights of innocent third parties are not involved. Whitney v. Spearman, 50 Neb. 617, 70 N. W. 240; Holmes v. Bank, 38 Neb. 326, 41 Am. St. Rep. 733, 56 N. W. 1011; True v. Bullard, 45 Neb. 409, 63 N. W. 824; Corbett v. Fetzer, 47 Neb. 269, 66 N. W. 417; Jaster v. Currie, 94 N. W. 995.

The fact that a party proceeds to trial upon a mistaken idea as to the nature of an action and the scope of the issues framed by the pleadings does not deprive him of the right to such relief as is consistent with the real issues and the proof in the case. Logan v. Freerks, 14 N. D. 127.

The court upon a trial will grant such relief as the facts pleaded will warrant, without regard for the prayer for relief. McGillivray v. Mc-Gillivray, 68 N. W. 316.

BIRDZELL, J. This is an appeal from a judgment dismissing the plaintiff's action on a promissory note. The facts are as follows: On or about October 1, 1919, one Cahill, cashier of the Peoples State Bank of Leith, an unnamed agent of the Publishers' National Service Bureau, and the four individual defendants, William Clausen, Robert Franzen, W. B. Noyes and H. A. Seely, met at William Clausen's place near Carson and had some discussion relative to certain indebtedness owing to the Leith Bank on account of the operations of the Grant County Publishing Company, publisher of a paper known as the Grant County Leader. During the conference the note in suit was executed, which is in words and figures as follows:

No. 544.                                        October 1st, 1919.

On or before the 1st day of March 1920, without grace we promise to pay to the order of The Peoples State Bank of Leith, Eight Hundred Forty-Seven and 30/100 ............................ Dollars. Value received, with interest at the rate of 10 per cent per annum from date until paid. Payable at the Peoples State Bank of Leith. The respective makers and endorsers hereof severally waive present-

ment for payment, protest, notice of nonpayment, and of protest of this note.

Publishers National Service Bureau.

$847.30.                    By W. W. Liggett,
                                        General Manager.

Endorsements:  Wm. Clausen,
                        Robert Franzen,
                        W. B. Noyes,
                        H. A. Seely.

Some time later the Peoples State Bank failed and the above note was found among its assets. This action is brought by the receiver. The complaint is in the usual form. The answer of the defendants is, in effect, a general denial to which is added an affirmative defense as follows: The defendants "deny that they ever intentionally, knowingly or otherwise indorsed or subscribed their names to the note as individuals, but, on the contrary, allege that they subscribed their names to the instrument for the sole purpose of affixing the liability of the corporation to it, the Grant County Farmers Press (meaning Grant County Publishing Company), as an indorser of said note; that these answering defendants were induced to attach their names to the said note under the following circumstances: That it was represented to these answering defendants by the Publishers' National Service Bureau, and its servants and agents, and by the plaintiff, and its agents and servants, that the said Bureau and the plaintiff Bank, desired and required the indorsement of the Grant County Farmers Press, a corporation, on said note, and that in order to affix the indorsement and liability of the said Grant County Farmers Press on said note, it was necessary for those answering defendants, who were then and there officers and directors of the said Grant County Farmers Press, to subscribe their names on the back of said note; that these answering defendants relied upon and believed said representations, and believed that it was necessary for them, as directors, to subscribe their names on said note in order to affix the indorsement and liability of the Grant County Farmers Press as an indorser on said note; and that these answering defendants, so believing and so relying, did subscribe their names; that the plaintiff at all times knew that these defendants were

not attaching their names to said note for the purpose of binding them-
selves individually or personally, but for the sole purpose of affixing
the liability of the Grant County Farmers Press; that at the time these
answering defendants so affixed their signatures to said note they were
the duly elected, acting and qualified directors of the said Grant
County Farmers Press; that these answering defendants at no time
received any consideration for affixing their signatures to said note,
and specifically allege that they are in no manner liable personally as
indorsers or otherwise on said note."

At the trial evidence was adduced over objection to establish the
facts thus alleged. Each of the individual defendants admitted his
signature on the note as indorser and each likewise testified that the
conference at Clausen's place was a meeting of the directors of the
Grant County Publishing Company; that during the meeting it was
explained to them by Cahill, the cashier of the bank, that he desired
this note to be executed for the credit of the publishing company and
that he desired them as directors to indorse the note for the publishing
company, representing to them that the directors, by indorsing their
individual names, would affix the liability of the company. This evi-
dence was disputed by Cahill who testified that the note in suit was
taken as a renewal of the three notes which had been given from time
to time by certain of these defendants individually, the proceeds of
which went to the publishing company with the exception of a small
amount; that he desired to reduce the publishing company's indebted-
ness; that he would not have accepted as a renewal of the three notes,
upon which certain of the defendants were liable personally, the note
of the Publishers' National Service Bureau indorsed by the Grant
County Publishing Company. Under instructions to the effect that
the facts pleaded would constitute a defense to the action, the jury re-
turned a verdict for the defendants dismissing the plaintiff's action
and upon this verdict the judgment appealed from was entered.

The determining question in the case is whether or not the facts
pleaded constitute a defense. It is the contention of the respondents
that the evidence submitted under the answer is sufficient to sustain
the verdict as establishing the defense of (1) mistake, (2) fraud in
misrepresentation of fact, and (3) fraud in misrepresentation of law.
It is said that through the assertions and statements of Cahill they

were induced to believe that in signing their individual names they were merely effecting the execution of the indorsement by the corporation; that Cahill knew they were acting under such mistaken belief and that consequently there was a mistake in the capacity in which they appear to be bound upon the instrument. None of the defendants were deceived with respect to the character of the instrument which they were signing. If there was any mistake, it was simply an erroneous belief as to the legal effect of the act of signing their individual names as indorsers. Then it is said that the same facts constitute fraud and misrepresentation of fact in that Cahill represented to the defendants, according to their testimony, that he desired the indorsement of the corporation, when, according to his testimony, he, in fact, desired their signatures as individuals. It is urged that if Cahill had represented to the defendants his desire and aim to secure their individual obligation, he would not have obtained their signatures and that hence the misrepresentation of his aim and desire is a misrepresentation of fact. This argument impresses us as being nothing more or less than an attempt to state, in terms of misrepresentation of fact, that which at most is a misrepresentation of the legal effect of the defendants' acts in signing their names as they did. If the corporation were solvent and the individual directors indorsing insolvent, what would be thought of the converse proposition? Would the bank be able to hold the corporation on the strength of these individual signatures if the cashier had relied upon the statements of the directors to the effect that they were intending thus to affix the liability of the corporation and that they had represented to Cahill that they so intended? The sophistry in the argument lies in this: the individual aims and desires of a party entering into a contract is of no concern to the other contracting party. This is elementary. Hence, a misrepresentation of one's individual aim or desire in entering into a contract is not a misrepresentation of a material fact.

If Cahill stated to the defendants that by indorsing their individual names they were assuming no individual liability but were binding the corporation of which they were directors, his statement amounts to no more and no less than a misrepresentation of the legal effect of their act, and this, the respondents contend, treated as a misrepresentation of law, constitutes a defense to the note. We are not in this case deal-

ing with a situation where there is any fiduciary relation (Orth v. Procise, 38 N. D. 580, 165 N. W. 557), nor with a situation in which one of the parties may be presumed to have superior knowledge with respect to that which he represents. We must assume that the defendants are of equal intelligence with the bank's agent, Cahill. We must assume that they were as capable of transacting the business of the corporation of which they were directors in the manner in which they desired to transact it, as Cahill was to transact the business of the bank, and that they knew as well how to bind their corporation as Cahill would know how to bind the bank. At any rate there is nothing in this record to justify the defendants in relying upon any advice that might have been volunteered by Cahill as to how they might bind their corporation as indorsers, or as to how they should sign to negative personal liability. It is elementary law that no one is bound on a negotiable instrument whose name does not appear thereon, § 18, Neg. Inst. Law, § 6903, Comp. Laws 1913, and, according to the overwhelming weight of authority, evidence is not admissible to establish that a person signing his individual name to an instrument did so in order to bind another whose name does not appear. See 8 C. J. 157. There is no indication on the note in suit that the defendants signed in any representative capacity. Hence, the provisions of § 20 of the Negotiable Instruments Act, § 6905 of the Comp. Laws of 1913, do not apply and the authorities construing that section are not applicable. It is to be noted, however, that the last clause of the section, which is to the effect that the addition of words indicating an agency without disclosing a principal does not exempt one from personal liability, strongly implies that a personal liability shall attach, although the one signing is, in fact, an agent and although the principal might have been known to the other party but not disclosed in the instrument.

Our conclusion is that one who knowingly places his signature upon a negotiable instrument must be held to intend the legal consequence of his act and that he cannot be heard to say that the other party, with whom he was dealing at arm's length, had contributed to or induced a misunderstanding by him as to the legal effect of his own act. Any other rule would be destructive of the safety that should attach to business transactions evidenced by written contracts or instruments in general use; for parol understandings, if admissible for the purpose of

defeating liability as against the clear legal intendment of the contract, should be equally admissible to enlarge it.

Being of the opinion that the facts stated and the evidence introduced do not establish a defense, it follows that the plaintiff is entitled to judgment for the amount due on the note, with interest. The judgment is reversed and the cause remanded with directions to enter an appropriate judgment.

NUESSLE, CHRISTIANSON, and JOHNSON, JJ., concur.

BRONSON, Ch. J., concurs in result.