Defendant appeals to this court from the order of the district court refusing to set aside a default judgment and to permit him to answer. His application for relief is based upon his own affidavit and his proposed answer. This affidavit is somewhat lengthy and we do not set it out in full. However, defendant states therein that he was served with a summons and complaint on or about the first day of June 1926; that judgment was rendered in the action in favor of the plaintiff and against the defendant on or about July 3, 1926; and thereafter execution against his property was issued. He further alleges that the sheriff was about to levy upon his property to collect the judgment. As the reason for failing to appear or answer in the case he alleges, in substance, that he had never had any experience in legal matters and believed "all papers, writs, orders, warrants and proceedings of every character issued out of any court must be authenticated under the hand and seal of some court before the same is valid," that he did not know a summons and complaint could be issued and signed by an attorney, that because of this ignorance and inexperience he failed to answer; and that he "was wholly unaware of the seriousness of such proceedings until after the entry of judgment therein and he became aware that his property was about to be seized and sold." He then consulted his attorney giving him, as he says, "a full and complete statement of all of the facts." His attorney advised him "that he had a complete and sufficient defense to plaintiff's several causes of action set forth, on the merits."
It is a well-settled rule that an application to vacate a judgment is addressed to the sound discretion of the trial court but such an application must be based upon some of the grounds set forth in the statute. (Comp. Laws, 1913, § 7483.) The defendant does not pretend to have *Page 866 
relied upon action to be taken by some lawyer but rather upon ignorance of the law of this State. He knew he was being sued, he received a copy of the Summons and Complaint and knew he had to answer within thirty days. He does not claim to have forgotten about the case or that business or personal cares drove it from his mind temporarily. The plaintiff is his mother-in-law and had "never indicated her purpose or intention of suing him on the causes of action set out," and so when he received the papers he swears he believed she "was attempting to threaten or intimidate him into the payment of money which he did not owe her." The trial court considered this application and after due deliberation denied it. This court has been quite liberal in relieving a defendant from default, but in all of the cases there has been something in the case itself or in the facts surrounding it which misled the defendant or lulled him into a feeling of security, such as, employing counsel and leaving the matter to his counsel; an honest belief that someone else was attending to the matter, someone who should have attended to it; mistaken dates; or loss of papers or some feature which caused the defendant to forget or misunderstand the situation. The defendant relies upon the case of Fylling v. Mork, 45 N.D. 119, 176 N.W. 914, as precedent for his case but in that case the defendant, though he knew about the papers being served on him showed they had become "rain soaked so that they were damaged and mutilated to such an extent that they were unintelligible," and thus he was misled. There is nothing like this in the case at bar. The defendant knew he was being sued, he had the papers with him and read them, he knew what time he had to answer, he took the position of "every man his own lawyer" and because there was no seal of the court attached to the summons decided it was not a proper writ. If a defendant with full knowledge of the situation can be permitted to be wilfully dilatory in his defense and then come in and have the judgment set aside there would be no finality for default judgments. We are of the opinion the court did not abuse its discretion and therefore the order refusing to vacate the default is affirmed.
CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, and NUESSLE, JJ., concur. *Page 867