A. W. POWELL, Appellant, v. LOUIS BACH and Anna Bach. ANNA BACH, Respondent.

(217 N. W. 172.)

**Appeal and error — vacation of default judgment — discretion of trial court.**

1. An application for the vacation of a default judgment and for permission to answer to the sound discretion of the trial court and will not be disturbed in the absence of abuse.

**Bills and notes — obtaining signature to note and mortgage by fraud — signer may show no consideration.**

2. The signer of a promissory note and the mortgage which accompanies it as security may show that the signature was obtained by means of false and fraudulent representations as to purpose and intent of the contract and that no consideration was received.

**Judgment — vacation of judgment depends on circumstances of each case.**

3. As to what is due diligence in moving to vacate a default depends largely upon the circumstance of each case, and where delay in making the application

Note.—(1) Discretion of trial court as to granting or refusing application to vacate default judgment, see 15 R. C. L. 720; 3 R. C. L. Supp. 489; 5 R. C. L. Supp. 848; 6 R. C. L. Supp. 929.

is attributed to the acts and declarations of the opposing party the lapse of time may become more or less immaterial.

Opinion filed December 29, 1927.

Appeal and Error, 4 C. J. § 2825 p. 840 n. 33. Bills and Notes, 8 C. J. § 1345 p 1030 n. 83. Evidence, 22 C. J. § 1559 p. 1165 n. 77; § 1561 p. 1167 n. 7; § 1669 p. 1255 n. 54. Judgments, 34 C. J. § 488 p. 266 n. 28; § 677 p. 429 n. 79. Mortgages, 41 C. J. § 330 p. 446 n. 37.

Appeal from the District Court of Richland County, *Wolfe,* J. Affirmed.

*Forbes, Lounsbury & Forbes,* and *Murphy & Johanson,* for appellant.

The universal rule is that a person must move promptly upon being advised of the fact of the judgment. Bank v. Stavn, 49 N. D. 993, 194 N. W. 689.

The moving party must show the existence of a meritorious cause of action or defense, and that the applicant has not been negligent or lacking in due diligence. 34 C. J. 354.

In moving for relief from a judgment the moving party must show:

(1) That he has a good defense upon the merits; (2) a reasonable excuse for the mistake, inadvertence, surprise or neglect which occasioned the default; (3) and reasonable diligence in presenting the application to vacate after knowledge of the judgment. Bank v. O'Laughlin, 37 N. D. 532, 164 N. W. 135.

*Purcell & Heder,* for respondent.

The granting of a motion to open a default judgment is within the sound judicial discretion of the trial court. Mueller v. Occident Elev. Co. 55 N. D. 206, 212 N. W. 830; Croonquist v. Walker, 50 N. D. 388, 196 N. W. 108; Burgett v. Porter, 53 N. D. 312, 205 N. W. 623.

BURR, J. The appeal is from the order of the district court vacating a default judgment and permitting the defendant Anna Bach to answer.

Plaintiff commenced an action against Anna Bach and her husband, on or about March 1, 1927, for the foreclosure of a mortgage on real estate. Both signed the notes and mortgage and on this appeal Anna Bach admits the fact of the debt, the mortgage on the premises, and

her husband's liability for the deficiency. Hence neither defendant answered and judgment was entered against both by default. Special execution was issued, the mortgaged premises sold, a deficiency judgment was entered against them, a general execution issued and a levy made on real property belonging to the defendant Anna Bach. This property was advertised and sold, and on the 20th day of July, 1927, the sale was confirmed by the district court. Learning of this the defendant on the 17th day of August, 1927, made an application to the court for an order to have the judgment vacated and set aside as to her and to permit her to answer the complaint, which application was granted. From this order the plaintiff appeals.

The application to vacate the default is based on the grounds of surprise and excusable neglect. It is the contention of Anna Bach that she was induced by the plaintiff to sign the notes in question because of false and fraudulent representations made to her that she was signing merely to waive any homestead interest she had in the real estate and not for the purpose of assuming any liability on the debt, that so far as she was concerned her separate property would not be liable, and that she received no consideration whatever for signing the notes and mortgage. For this reason, though knowing about the commencement of the action, the entry of judgment and the sale of the mortgaged premises, she assumed the agreement made between her and the plaintiff was binding and being carried out by the plaintiff, and it was not until levy was made on her own separate property she attempted to make a defense.

The appellant claims, in general, that there is not sufficient showing of diligence to excuse default, that the papers were served personally upon the defendant Anna Bach, that she did not interpose any answer in the foreclosure proceedings, and that in any event the attempted defense set up is not a good defense because it tends to vary the terms of written instruments.

The sufficiency of the showing to justify vacation of a default judgment is primarily for the trial court to determine in its legal discretion and the decision will not be disturbed unless abuse is shown. This is the uniform holding of this court and there is no need to collate the decisions. A reference to Wakeland v. Hanson, 36 N. D. 129, 161 N. W. 1011, and Foley v. Davis, 54 N. D. 864, 211 N. W. 818, is

sufficient. The validity of the defense set forth in the proposed answer will determine largely the question of due diligence, for if valid there would be justification of defendant's action in assuming the agreement would be carried out, and delay might be excused. To excuse neglect the defendant may show she was lulled into security by the previous acts and declarations of the plaintiff. She has a right to show if she can, that relying upon his statements and agreements and depending upon his good faith she interposed no answer, even though fully aware of all the steps taken in the case. She has the right to show that she fully expected no attempt would be made to hold her for any debt. All this is pertinent to the case, and should be considered in determining whether apparent neglect was excusable, and thus lapse of time may become less and less material. It is clear from the undisputed facts that when the defendant Anna Bach ascertained a deficiency judgment was obtained against her and that an attempt had been made to realize thereon she moved promptly. It was the duty of the trial court to consider all of these things, provided the defense sought to be interposed be a good defense in law.

That the defense sought to be interposed is a good defense, is the holding of this court. In Erickson v. Wiper, 33 N. D. 193, 206, 157 N. W. 592, this court, in an opinion written by Justice Christianson, states that a parol contemporaneous agreement which constituted the inducing and moving cause of the written contract forming part of the consideration and on the faith of which the written contract is executed is admissible in evidence, to show under what circumstances a party was induced to sign, even though the contract be in writing, and it does not violate the provisions of § 5889 of the Comp. Laws which provides that the execution of a contract in writing supersedes the prior and contemporaneous oral negotiations and stipulations concerning the subject. See also 22 C. J. 1255. A contract to be binding must be free from fraud and if there be fraud in these prior or contemporaneous agreements the fraud may be shown in order to set aside the contract. In this case defendant claims that her signature was secured by false and fraudulent representations. True, she admits signing the notes and therefore on the face of this would be liable and could not vary the terms of the agreement contract, but if the signature were obtained by fraud so there was a misapprehension of

the law in the case induced by the acts of the other party, then such defense is good and she should have a right to present it. Whether she can substantiate the defense is a different matter. In the case of Orth v. Procise, 38 N. D. 580, 165 N. W. 557, we have a case almost identical with the one at issue and there this court held the defense was valid. The principle involved in a note signed for the accommodation of the payee is analogous to the defense sought to be interposed and there the maker may show she received no consideration for her signature. See also Elliott Supply Co. v. Green, 35 N. D. 641, 652, 160 N. W. 1002.

Since the defense sought to be established is a good defense, the district court was justified in assuming there was no lack of diligence and the apparent neglect was excusable. The order vacating the default judgment and permitting the defendant Anna Bach to answer is affirmed.

BIRDZELL, Ch. J., and BURKE, CHRISTIANSON, and NUESSLE, JJ., concur.