MARKS et al. v. KINDEL et al.

No. 5506.

Circuit Court of Appeals, Sixth Circuit.

June 27, 1930.

H. T. Gray, of Jacksonville, Fla., for appellants.

Elvin Swarthout, of Grand Rapids, Mich. (Benn M. Corwin, of Grand Rapids, Mich., on the brief), for appellees.

Before MOORMAN, MACK, and HICK-ENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge.

This case was decided below on the sufficiency of the declaration as to all defendants except J. Keith Muir. There are three counts in the declaration. The first declares upon a purchase-money note for Florida lands; the second seeks to recover the unpaid purchase price "of certain lands in Orange County, Florida," irrespective of a note; and the third is a common count for money and property had and received. In response to a motion therefor, plaintiffs filed a bill of particulars under the common count stating that it was for the balance due on lands in Orange county, Fla., purchased April 19, 1926.

No question is made of the propriety of testing the sufficiency of each of the counts separately by a motion to dismiss the declaration as a whole. We cannot interpret any of the counts as resting upon anything other than a contractual obligation. The first and second are clearly based upon contract, and the third, as amplified by the bill of particulars, is for the balance due on the purchase price of land. Each seeks a personal judgment on a contract, and while no written contract is referred to in counts two and three, several coupon interest notes dated April 19, 1926, and a mortgage note of the same date for $12,300, are copied into the declaration as a part thereof immediately following the third count. All the notes were signed at Jacksonville, Fla., by J. Keith Muir, and no one else. The mortgage note refers to land such as is described in the pleadings, and it corresponds in amount of original obligation, cash payment, deferred payments, interest rates, and date of execution, with the contract set out in each of the three counts. It is to be treated, we think, as the contract referred to in each count, there being no allegation of other separate and valid contract purporting to bind the defendants. As thus construed, the question is whether under the facts alleged defendants (excluding Muir) are bound on the note.

It is the position of defendants that the note was a negotiable instrument under the laws of Florida, where it was given, and that it is immaterial that Muir was their copartner or agent, because the note was signed in Muir's name alone, and they cannot be held bound on a negotiable paper which they did not sign. The contention of plaintiffs is that the note was not negotiable for the reason that it obligated the maker after default to pay the cost of collection, including a reasonable attorney's fee, and therefore it was not for a "sum certain." They further contend that even if it was negotiable, Muir was a copartner or an agent of the defendants, and had the power to bind them to the note by signing his name to it alone.

The first contention of plaintiffs is obviously unsound, for the reason that the provision to the effect that Muir would pay the cost of collection, including a reasonable attorney's fee, did not become operative until after the maturity of the note, and consequently did not render the obligation uncertain. Wilson Machine Company v. Moreno (C. C.) 7 F. 806; Farmers' Bank v. Sutton Mfg. Co. (C. C. A.) 52 F. 191, 17 L. R. A. 595; First National Bank v. Miller, 139 Wis. 126, 120 N. W. 820, 131 Am. St. Rep. 1040. The other contention is to be considered in connection with the uniform negotiable instrument act, which has been adopted in both Florida and Michigan, and which provides that "no person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. But one who signs in a trade or assumed name will be liable to the same extent as if he had signed in his own name." Comp. Gen. St. Fla. 1927, § 6778; section 6059, Comp. Laws Mich. 1915. Furthermore, long before the adoption of this act by the various states, it was the rule in many jurisdictions that the undisclosed principal of the signer of a negotiable paper could not be charged with the act of his agent. Mechem on Agency, Vol. 1, §§ 1122 and 1150; Lipman v. Manger, 185 Wis. 63, 200 N. W. 663; Baird v. Publishers' National Service Bureau, 51 N. D. 374, 199 N. W. 757; Badger Silver Mining Co. v. Drake (C. C. A.) 88 F. 48. The cases cited by plaintiffs which are asserted to hold otherwise generally turn upon some fact or circumstance appearing upon the face of the obligation indicating that the party signing it was acting as trustee or agent. In so far as they depart from the general rule stated above, they are controlled by circumstances not here present, or are against the weight of authority.

Coming to the fact averments of the declaration, and eliminating the conclusions of law, the most that is shown in any of the counts is that Muir was an agent or partner of the defendants. We have already seen that an undisclosed principal is not bound by the signature of his agent to a negotiable instrument. Similarly there is no showing of liability on the basis of partnership, for although a partner, acting within the scope of

his authority as such, may bind the partnership by signing its name to a negotiable instrument, it has never been held, so far as we are advised, that he can do so by signing his own name which is not the name of the partnership. It is not alleged in any of the counts that defendants adopted Muir's name as a trade or assumed name, that Muir ever stated to the plaintiffs that he was acting for any one except himself, or that they ever understood or believed they were dealing with the defendants. Moreover, nothing appears on the face of the note to indicate that it was not what it purported to be—Muir's obligation alone. In these circumstances the plaintiffs cannot go behind Muir's signature and charge his undisclosed principals or partners with the obligation.

It is suggested in argument that there may be a recovery against the defendant Kindel, even if not against the other defendants, because he took a deed to the land subject to the mortgage debt. None of the counts, however, seek a recovery upon that ground. Besides, if they did, the right of recovery would be controlled by the laws of the place where the suit was brought, Willard v. Wood, 135 U. S. 309, 10 S. Ct. 831, 34 L. Ed. 210, and Union Mutual Life Insurance Co. v. Hanford, 143 U. S. 187, 12 S. Ct. 437, 36 L. Ed. 118, and it is well settled in Michigan that the personal liability of a subsequent grantee who assumes the payment of a mortgage is limited to the deficiency after a foreclosure in equity. Booth v. Conn. Mutual Life Insurance Co., 43 Mich. 299, 5 N. W. 381; Anderson v. Thompson, 225 Mich. 155, 195 N. W. 689. Any rights or equities, therefore, which the plaintiffs have against Kindel by virtue of his assumption of payment of the mortgage can be enforced in Michigan only in or after a foreclosure proceeding.

The judgment is affirmed.