BELL, Respondent, v. JACOBS, Appellant.

(234 N. W. 663.)

(File No. 6839.  Opinion filed January 30, 1931.)

*Chas. S. Eastman,* of Hot Springs, and *Dean H. Eastman,* of Seattle, Wash., for Appellant.

*Martin & Martin,* of Hot Springs, for Respondent.

BROWN, J.  After verdict for defendant, plaintiff moved for judgment notwithstanding the verdict.  The court took the motion under advisement and three months later denied it.  Pending decision of the motion, plaintiff took no steps for a motion for a new trial, but within a week thereafter procured an order requiring defendant to show cause why time for giving notice of intention to

move for a new trial and to bring such motion to a hearing should not be extended "and to fix another time within which said acts and all other matters relating thereto may be done and performed, for a period of ninety days from this date." At the hearing of the order to show cause on June 23, 1927, defendant objected to the granting of extension of time or the fixing of another time within which to give notice of intention or to move for a new trial on the ground that the verdict of the jury was returned on January 29, 1927, and that the twenty days thereafter allowed by statute within which to give notice of intention to move for a new trial had long expired; and that the delay in disposing of the motion for judgment notwithstanding the verdict had not been occasioned or caused by any request or action on the part of defendant or his attorneys; that there was nothing to prevent plaintiff from serving his notice of intention within the statutory period of twenty days after the rendition of the verdict, and that no sufficient cause existed for granting any extension of time, and that the court was without jurisdiction to either extend the time or fix a new time within which to give notice of intention. On the hearing the court made an order dated June 23, 1927, "that the time within which the plaintiff may serve Notice of Intention to Move for New Trial and may make and bring to a hearing a Motion for a new trial is hereby extended and another time within which the plaintiff's Notice of Intention to Move for New Trial may be prepared and served is hereby fixed until ten days from this date."

Four days later notice of intention to move for a new trial upon a record to be thereafter settled was served. The motion for a new trial was brought on for hearing on May 17, 1928, at which time defendant objected to the jurisdiction of the court to hear and determine the motion for the reason that no notice of intention to move for a new trial was given within the time fixed by law, and no extension of such time had been applied for prior to the expiration of the time fixed by law, and therefore the court was without power to make any order extending the time after the statutory time had expired, and on the further ground that no showing of good cause had been made for either an extension of time of the fixing of a new time within which plaintiff might give notice of intention to move for a new trial. The objection was overruled, and the court on September 21, 1928, made an order granting a new trial, from which order defendant appeals.

The only error assigned and argued is, in substance, that the court erred in granting an extension of time or fixing a new time within which to give notice of intention because good cause therefor was not shown, and that therefore the court had no jurisdiction to hear or determine the motion for a new trial. We think this assignment cannot be sustained, and that therefore the order granting a new trial must be affirmed.

While the notice of intention was not served within the statutory twenty days after rendition of the verdict, the court is authorized by statute (Rev. Code 1919, § 2559) to grant an extension, or after the time has expired, to fix a new time, for good cause shown. Within the twenty days allowed for giving notice of intention, plaintiff had moved for judgment notwithstanding the verdict. That he had a right to do, and there is certainly nothing in the record indicating that he had not reasonable grounds for making the motion. While the motion was pending and undetermined it would have been absurd for him to give notice of intention to move for a new trial. Should his motion for judgment notwithstanding the verdict be granted, he would have no intention to move for a new trial. Whether he would have any such intention could not be determined by him until he knew whether or not his motion for judgment would be granted. Promptly after the motion for judgment was denied plaintiff's counsel procured an order to show cause why another time should not be fixed in which to give notice of intention. This order to show cause was the equivalent of a motion made upon notice (Carlton v. Saville [S. D.] 224 N. W. 957), so that defendant's contention that, after the expiration of the statutory twenty days for giving such notice, a new time can only be fixed after notice to the opposite party, was fully complied with. While the order to show cause for the fixing of a new time asked for ninety days because a transcript could not be sooner procured, the order of the court fixing a new time allowed only ten days, and the notice of intention was actually given within four days after the making of the order. The proceedings therefore moved with reasonable celerity as soon as the motion for judgment notwithstanding the verdict was disposed of. That the pendency of the motion for judgment notwithstanding the verdict was good cause for failure to give notice of intention within the statutory period of twenty days after the verdict, is indicated in the

opinion of this court in Nerger v. Commercial Mut. Fire. Ass'n, 21 S. D. 537, 114 N. W. 689.

The order appealed from is affirmed.

POLLEY, P. J., and CAMPBELL, BURCH, and ROBERTS, JJ., concur.