FERGEN, Plaintiff and Respondent, v. LONIE, Defendant
(Smith, Appellant).

(210 N. W. 102.)

(File No. 6270. Opinion filed September 30, 1926.)

1. **Appeal and Error—State Officers—Undertaking Held Not Necessary on Appeal by Superintendent of Banks from Denial of Motion to Vacate Judgment Against Him as Garnishee; "State Officer" (Rev. Code 1919, § 3161).**

   Superintendent of banks is state officer, and, on appeal by him in purely official capacity from denial of his motion to vacate judgment against him as garnishee, it was not necessary for him under Rev. Code 1919, § 3161, to supply undertaking.

2. **Appeal and Error—Parties—Garnishment—Principal Defendant Who Took No Part in Garnishment Proceeding Held Not "Adverse Party," Within Statute Entitling Him to Be Served With Notice of Garnishee's Appeal (Rev. Code 1919, § 3146).**

   Where principal defendant did not appear in garnishment proceding, as he could have done, under Rev. Code 1919, § 2466, though deemed party, under section 2468, and was never served with order to show cause issued at behest of plaintiff nor with any papers on behalf of garnishee, such principal defendant was not adverse party, within meaning of section 3146, entitling him to be served with notice of appeal from order denying garnishee's motion to vacate adverse judgment.

Note.—See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 374(4), 3 C. J. Sec. 1161; (2) Appeal and Error, Key-No. 414, 3 C. J. Sec. 1319.

Appeal from Circuit Court, Codington County; Hon. W. N. Skinner, Judge.

Suit by F. C. Fergen against W. G. Lonie, and the Presho State Bank and F. R. Smith, as Superintendent of Banks, garnishees. Judgment against F. R. Smith, and, from an order denying his motion to vacate such judgment, he appeals. On motion to dismiss appeal. Denied.

*Perry F. Loucks,* of Watertown, and *Roy E. Willy,* of Platte, for Appellant

*Eugene P. Campbell,* of Watertown, for Respondent.

GATES, P. J. This cause is before us on a motion to dismiss the appeal taken by the superintendent of banks from an

order denying his motion to vacate a judgment taken against him as garnishee.

[1] One ground of the motion is that the superintendent did not supply an undertaking on appeal. Such undertaking was not necessary. The superintendent of banks is a state officer, and the appeal was taken by him in a purely official capacity. Rev. Code 1919, § 3161.

[2] The only other ground of the motion worthy of mention is that the notice of appeal was not served on the principal defendant. Under section 3146, Rev. Code 1919, a notice of appeal must be served on the adverse party, and this court has held that a party to the litigation whose interest will be affected by a modification of the judgment appealed from is an adverse party within the meaning of that section. Sutton v. Consol. Apex. Min. Co., 12 S. D. 576, 82 N. W. 188; Crouch v. Dak. W. & M. R. R. Co., 22 S. D. 263, 117 N. W. 145. See, also, Powell v. Int. Harvester Co., 41 N. D. 220, 170 N. W. 559. The purpose of the motion of the superintendent in the local court to vacate the judgment, and the purpose of the appeal is to secure a reduction in the amount that was directed to be paid to plaintiff as a preferred claim against the bank. Doubtless, a reduction of such amount will increase the amount for which the principal defendant will be liable on the judgment against him in the main action, and to that extent he may be said to be affected by the appeal.

But section 2468, Rev. Code 1919, says:

"The proceedings against a garnishee shall be deemed an action by the plaintiff against the garnishee and defendant as parties defendant, and all provisions of law relating to proceedings in civil actions at issue, including examination of the parties, amendments and relief from default or procedings taken and appeals and all provisions for enforcing judgments, shall be applicable thereto."

The original garnishee defendant was the Presho State Bank. While it was a going concern, it made a disclosure in garnishment. The plaintiff took issue with that disclosure. In the main action judgment was taken against the principal defendant. The bank failed and came into the hands of Hirning, as superintendent of banks, and later into the hands of the present superintendent, and he was brought in as a party in the garnishee proceeding.

While provision is made that the principal defendant shall be served with a garnishee summons (Rev. Code 1919, § 2457), it is optional to him whether he will participate in the garnishee proceedings. (Rev. Code 1919, § 2466). The return made by the garnishee is not required to be served on the principal defendant. Rev. Code 1919, §§ 2460, 2461. Nor is it required that the principal defendant shall be given notice of plaintiff's election to take issue on the garnishee's return or answer unless he also shall answer. Rev. Code 1919, § 2464.

In this case the principal defendant took no part in the garnishment proceedings and was never served with any of the several orders to show cause issued at the behest of plaintiff, nor with any papers on behalf of the garnishee or of the superintendent of banks. The proceedings in garnishment were conducted solely between the plaintiff on the one hand, and the bank and the superintendent of banks on the other. In Sutton v. Consol. Apex Min. Co., supra, this court said (italics ours):

"But he [appellant] is required to serve a notice of his appeal on all other parties to the action who are interested in opposing the relief which he seeks by his appeal, *if such parties have formally appeared in the action in the court below.*"

Manifestly, if a party to the action has failed to appear, he is not entitled to be served with notice of appeal. The principal defendant did appear in the main action, but he did not appear in the garnishment proceeding, which, by said section 2468, is designated as an action against the garnishee and the principal defendant. Under these circumstances, and because of the failure of the principal defendant to appear in the garnishment proceedings, we do not believe that he was an adverse party therein, within the meaning of said section 3146.

The motion to dismiss the appeal will be denied.

DILLON, J., not sitting.