CARLTON, Appellant, v. SAVILLE, Sheriff of Aurora County, and GULLICK, Intervener, Respondents.

(224 N. W. 957.)

(File No. 6561. Opinion filed April 13, 1929.)

*R. P. Carlton,* of Huron, for Appellant.
*Johnson & Simons,* of Sioux Falls, for Respondent.

BROWN, J. ■■ The intervener moves to dismiss plaintiff's appeal from an order denying a new trial. The motion is made on six different grounds. The first and second of these will be considered last. The third ground is that a previous appeal was taken. It appears that whatever previous appeal was taken was abandoned, and therefore furnishes no ground for dismissal of this appeal. The fourth ground is that the time within which to appeal from the order denying a new trial expired on March 23, and appeal was not taken until July 2, more than three months after the expiration of time for appeal. The appeal was taken from both judgment and order within the time in which an appeal may be taken from the judgment; therefore this ground is not well taken. McVay v. Bridgman, 17 S. D. 424, 97 N. W. 20; Peters v. Lohr, 24 S. D. 605, 124 N. W. 853; Braun v. Thuet Bros., 42 S. D. 491, 174 N. W. 807.

■■ The fifth ground for dismissal is that the order to show cause why extension of time for serving notice of intention should not be granted had not been filed at the time it was served. An order to show cause is merely a substitute for a notice of motion. Lingenfelter v. Gehringer, 43 S. D. 275, 178 N. W. 946; McHarg v. Finance Corporation, 44 S. D. 144, 182 N. W. 705; Mitchell v. Morgan, 45 S. D. 138, 186 N. W. 568.

R. C. 1919, § 2592, provides: "Every direction of a court or judge, made or entered in writing and not included in a judgment, is denominated an order."

And section 2561 provides that: "An order becomes complete and effective as such when reduced to writing, signed by the court or judge, attested by the clerk and filed in his office."

Considering these two sections, this court in Brady v. Cooper,

46 S. D. 419, 193 N. W. 246, said: "It was plainly intended to require that all orders reduced to writing and signed by a judge, should be attested by the clerk and filed in his office. * * * "

As relating to orders affecting the merits of an action or proceeding or determining a question in the course of an action or proceeding, the language used in Brady v. Cooper is proper, but we do not think it is applicable to an order to show cause, which is a mere substitute for a notice of motion. That every direction of a court or judge, made in writing and not included in a judgment, is not such an order as is required to be attested by the clerk and filed in his office, is apparent from a consideration of the practice which has always obtained in the courts of this state and of the territory of Dakota before the state was admitted into the Union, with reference to decisions in cases tried by the court without a jury. It has always been the practice for the trial judge in such cases, by a written direction to the attorney for the party in whose favor the decision is made, to indicate briefly the grounds of his decision and direct the attorney to prepare for his consideration, and signature, if found satisfactory, the findings of fact and conclusions of law constituting the decision, and it has never been the practice to require such written direction to be attested by the clerk and filed in his office. Section 2561 is found in a chapter of the Code entitled "Giving, entering and Satisfying Judgments," and is applicable only to orders which are analogous to judgments in the sense that in some respect they affect the merits. It is the view of this court that an order to show cause, being simply one form of giving notice of the time and place of hearing a motion, is not such an order as is required to be attested by the clerk or filed in his office prior to the hearing of the motion.

The sixth ground is that the order extending the time within which to serve notice of intention was not filed at the time of its service. If the order extending the time was properly granted, the fact that it was served before it was filed would be no ground for dismissing the appeal.

The first ground is that the notice of intention to move for a new trial was not served on the intervener in time. The court granted an extension of time, and the notice was served within the extended time. Rev. Code, § 2559, provides that the court or judge, upon good cause shown, may extend the time within

which any of the acts required by this and the preceding article may be done. Notice of intention to move for a new trial is one of the acts for the performance of which the court may extend time. The affidavits presented to the court on the application for an extension of time show without controversy that within the statutory time plaintiffs, who live at a distance of 30 miles from their attorney's place of business, went to consult their attorney about moving for a new trial. The attorney was absent from home, engaged in business at another term of court. On learning that his clients desired to move for a new trial, he at once ordered a transcript from the official court stenographer, and intended, within the statutory time, to serve notice of intention, but was taken ill, and was unable to attend to business until after the statutory time had expired. On his showing the court granted the extension.

In a thoughtful review of our statutory provisions on this subject, this court, in Bishop & Babcock v. Schleuning, 19 S. D. 367, 103 N. W. 387, said: "While the court's discretion is not an arbitrary discretion as to extending the time or fixing a new time, still it is vested with a large judicial discretion; and the court's or judge's ruling in such a case will not be disturbed unless there has been a manifest abuse of such discretion, or this court is unable to see sufficient cause shown for its exercise." We cannot say that there was a manifest abuse of discretion on the part of the trial court in granting the extension of time in the present case.

The second ground for the motion to dismiss the appeal is that the motion for a new trial and the order denying it were made before the record had been settled. The notice of intention stated that the motion for a new trial would be made upon a settled record. In proper time plaintiff served a proposed settled record with specifications of error, and, within the 10 days allowed by statute for serving or filing objections thereto, no objections were made. Rev. Code, § 2546, provides that after the time for objecting has expired, the clerk of courts shall procure from the trial judge and attach to the record a certificate to the effect, in substance, that this constitutes the settled record. The only thing submitted to us on the motion to dismiss the appeal, in the way of proof that the motion for a new trial was made before the record was settled, is this statement in the moving affidavit: "That on the 8th day of January, 1927, an order was entered denying a

motion for a new trial; that thereafter, on the 31st day of January, the record in said action was settled by the said Judge R. C. Bakewell." No facts are set out showing the basis for the conclusion that the record was settled on January 31. One moving to dismiss the appeal has the burden of shownig facts entitling him to such dismissal. The motion for a new trial may have been submitted and the order denying it made upon the proposed settled record, with only the omission of the judge's signature to the certificate, and we have held that the submission of a motion for a new trial on a proposed settled record, without the signature of the judge to the certificate, is not a fatal defect. Vassilos v. Arnold, 47 S. D. 147, 196 N. W. 545.

The motion to dismiss the appeal is denied.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.