ZIEGLER, Respondent, v. RYAN, et al, Appellants
(280 N. W. 658.)

(File No. 8163.   Opinion filed June 30, 1938.)

*Atwater & Helm,* of Sturgis, for Defendants and Appellants.
*Dan McCutchen,* of Belle Fourche, for Plaintiff and Respondent.

POLLEY, J.   In this action two insurance companies are joined with the principal defendant. The case has been here before on two separate appeals. The first appeal is from an order sustaining a demurrer to plaintiff's complaint, 63 S. D. 607, 262 N. W. 200. The second appeal is from a judgment for plaintiff, 65 S. D. 110, 271 N. W. 767. This court affirmed a judgment in favor of the plaintiff, but the judgment was not paid and plaintiff instituted garnishment proceedings naming the two insurance companies as garnishee defendants. The garnishee defendants made disclosure and upon such disclosure issue was joined and upon such issue trial was had. Findings of fact, conclusions of law and judgment were for plaintiff, and against the garnishee defendants. From such judgment the garnishee defendants appeal to this court.

In this garnishment proceeding the defendant Ryan entered no appearance whatever and showed no interest in the proceeding.

Judgment was entered against the garnishee defendants, no mention of any kind being made of Ryan, the principal defendant. From this judgment the garnishee defendants appeal to this court but did not serve their notice of appeal upon defendant Ryan. Plaintiff contends that under the provisions of Section 3146, R. C. 1919, the notice of appeal should have been served on Ryan, and because the notice was not served upon him, plaintiff now moves to dismiss the appeal. Under the provisions of Section 3146, R. C. 1919, a written notice of appeal must be served upon the "adverse party", and whether Ryan is an "adverse party", is the only question involved on this motion. Plaintiff claims that Ryan is an adverse party within the meaning of this statute; that he appeared and participated in the trial of the garnishee proceedings. This statement by plaintiff is misleading. While defendant was present at the trial and was on the witness stand as a witness, he neither participated at the trial nor showed any interest whatever in the outcome of the trial. He was there in response to a subpoena served upon him by the garnishee defendants and was called to the witness stand by such defendants and testified in their behalf, but he showed no interest whatever in the case and did not participate at the trial. Defendant Ryan never, at any stage of the case from the service of the original summons, employed counsel or entered an appearance of any kind or displayed the slightest interest in the final outcome of the case.

The case of Fergen v. Lonie et al., 50 S. D. 328, 210 N. W. 102, is almost parallel with this case. That case was a garnishee proceeding and on the question of who is an adverse party, this court said:

"If a party to the action has failed to appear, he is not entitled to be served with notice of appeal. The principal defendant did appear in the main action, but he did not appear in the garnishment proceeding, which, by said section 2468, is designated as an action against the garnishee and the principal defendant. Under these circumstances, and because of the failure of the principal defendant to appear in the garnishee proceedings, we do not believe that he was an adverse party there, within the meaning of said section 3146."

For other cases on this same question see Sutton v. Consolidated Apex Mining Co., 12 S. D. 576, 82 N. W. 188; Crouch v.

Dakota W. & M. R. R. Co., 22 S. D. 263, 117 N. W. 145; and Powell v. International Harvester Co., 41 N. D. 220, 170 N. W. 559.

The motion is denied.

All the Judges concur.