MORRELL LIVESTOCK COMPANY, Respondent v.
STOCKMAN'S COMMISSION COMPANY et al., Appellants

(86 N.W.2d 533)

(File No. 9657. Opinion filed December 5, 1957)
Rehearing denied January 10, 1958.

**Bottum & Beal,** Rapid City, for Defendants and
Appellants.

**Gunderson, Farrar & Carrell,** Rapid City, for Plaintiff
and Respondent.

BOGUE, J.  The defendants, Stockman's Commission
Co., Inc., and Ray Perrine, appeal from a judgment in
favor of plaintiff and against all of the named defendants.
Plaintiff moves to dismiss this appeal on the ground that
appellants failed to serve notice of appeal upon Keith Levy,
the other codefendant.

Plaintiff alleges in its complaint that the defendants
as partners or while engaged in a joint adventure purchased
cattle from the plaintiff and failed to pay a balance of
$3,385 due thereon.  The defendants, Stockman's Commis-

sion Co., Inc., and Ray Perrine, answered denying they had purchased the cattle or that they were partners of or engaged in a joint adventure with Keith Levy in the purchase of said cattle. Keith Levy filed no answer, but appeared at the trial in response to subpoenas served upon him by both plaintiff and appellants. He was examined as an adverse witness by the plaintiff and cross-examined by the appellants. He testified that at the time of the purchase of the cattle from the plaintiff he was a partner of the appellants, which the appellants, by their testimony denied. There was no dispute as to the balance due and owing for the cattle. The only question submitted to the jury was whether or not the defendants were partners or engaged in a joint adventure in the purchase of the cattle from the plaintiff. The jury returned a verdict in favor of plaintiff and against all of the defendants.

The question presented by plaintiff's motion is whether the codefendant Keith Levy is an adverse party in this appeal.

SDC 33.0703 provides that the notice of appeal must be served on the "adverse party". The term "adverse party" includes every party whose interest in the subject matter is adverse to or will be adversely affected by a reversal or modification of the judgment appealed from. Millard v. Baker, 76 S.D. 529 81 N.W.2d 892.

The plaintiff urges that a reversal or modification of the judgment as to the appellants would adversely affect the defendant Keith Levy in that it could deprive him of his right of contribution under SDC 47.0106, which provides:

"A party to a joint, or joint and several, obligation, who satisfies more than his share of the claim against all, may require a proportionate contribution from all the parties joined with him."

Therefore plaintiff contends the defendant Keith Levy is an adverse party within the meaning of SDC 33.0703 and the failure to serve notice of appeal upon him is fatal to appellants' appeal.

Appellants first contend that any reversal or modification of the judgment would apply to all the defendants,

including Keith Levy and thus, he could not be adversely affected thereby. Appellants concede that this court under the provisions of SDC 33.0730 has the power "to reverse, affirm, or modify the judgment * * * as to any or all of the parties" but they urge this power is limited where the judgment is an entirety, such as they claim here.

At common law a joint judgment against two or more defendants is an entirety and where one or more of the defendants appeal therefrom but the other or others do not, a reversal of the judgment as to the one or more appealing would operate as a reversal as to all. However, many states including our own have modified this common law rule by statute. SDC 33.1704.

In the case of Merchants National Bank v. Stebbins, 10 S.D. 466, 74 N.W. 199, an action was brought to recover certain sums of money which plaintiff alleged it had loaned to Guild, Bullock, Fox and Stebbins as copartners. Defendant Stebbins denied that he was a copartner with the other defendants or had any knowledge of the said loans. The action was dismissed as to Guild. Bullock and Fox withdrew from the case and the trial proceeded resulting in judgment against Bullock, Fox and Stebbins. Only Stebbins appealed from the judgment resulting in a reversal thereof. The case was retried resulting in a directed verdict for the defendant Stebbins. Plaintiff then appealed, this being the case of Merchants National Bank v. Stebbins, 15 S.D. 280, 89 N.W. 674, 676. The respondent Stebbins claimed that with a judgment in force as against Bullock and Fox no right of action remained against him and thus the trial court properly directed the verdict for him. This court in answer to this contention stated:

> "Respondent further contends that the judgment entered by default against Bullock and the estate of Fox remained unreversed on the former appeal of Stebbins, for the reason that neither Bullock nor the estate of Fox took an appeal from the judgment entered against them. Undoubtedly the appellant (respondent) is right in the last contention. The court only intended to reverse

the judgment as to Stebbins, and grant a new trial as to him, as no appeal had been taken by Bullock or the estate of Fox, and the court had no jurisdiction to reverse the judgment or grant a new trial as to them. But it does not follow that the right to judgment as against Stebbins was taken away by reason of the fact that the judgment remained in full force and effect against Bullock and the estate of Fox. The Code of this state has made a radical change in the common-law rule as to the manner of entering judgment for and against parties to the action. Section 5096, Comp.Laws, provides: '(1) Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and the court may determine the ultimate rights of the parties on each side as between themselves. * * * (3) In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment may be proper.' Under the provisions of this section, a judgment may be entered by default against one or more defendants charged as partners, and the case proceed to trial as to other defendants joined as partners."

The Supreme Court of North Dakota in the case of Orth v. Procise, 42 N.D. 149, 171 N.W. 861, 862, under similar facts and under similar statutes held:

"The contention of the appellants that the reversal of the judgment in the former appeal reversed the judgment as to both parties does not apply in this state. Parties severally liable may be joined in the same suit. Section 7404, C.L.1913. A judgment severally may be taken against joint debtors. Section 7435, C.L.1913. Even the release of one or two or more joint debtors does not extinguish the obligations of the others unless they are mere guarantors. Section 5835, C.L.1913."

Appellants next contend that even though Keith Levy could be adversely affected by a reversal or modification of the judgment, notice of appeal need not be served upon him as he failed to appear or participate in the trial of the case.

There is an apparent conflict among the courts in regard to this proposition. 88 A.L.R. 428. A review of the cases, however, reveals the conflict exists largely because of the different statutory provisions. Many of the statutes expressly provide that notice of appeal must be served only on such adverse parties as have appeared in the action or suit. Others, such as our SDC 33.0703, make no such exception as to parties who have not appeared. Generally it has been held under statutes similar to ours that the appearance or default of a party is immaterial. In re Shumaker's Estate, 234 Iowa 195, 12 N.W.2d 207; Martin v. Rowland, 47 Idaho 722, 278 P. 224; Lind v. Lambert, 40 Idaho 569, 236 P. 121.

It appears to us in the present case that the appearance or default of Keith Levy is not material. It is true that if he did default, he cannot be heard to complain about the judgment. He has a right, however, to rely upon this judgment. A right of contribution arises therefrom which should not be taken from him without notice.

It is our opinion, therefore, that SDC 33.0703 requires the service of notice of appeal upon all adverse parties as heretofore defined and not only upon such adverse parties as have appeared in the action or suit.

We are not unmindful of the decisions of this court as cited by the appellants. We recognize that this court in the case of Sutton v. Consolidated Apex Mining Co., 12 S.D. 576, 82 N.W. 188, made the following statement: "But he is required to serve a notice of his appeal on all other parties to the action * * * **if such parties have formally appeared in the action in the court below**". A careful reading of this decision shows this statement to be mere dictum. This statement was quoted and the Sutton case was cited as authority, therefor in the following cases: Fergen v. Lonie, 50 S.D. 328, 210 N.W. 102; Lucey v. Vilhauer, 64

S.D. 54, 264 N.W. 203; Ziegler v. Ryan, 66 S.D. 184, 280 N.W. 658. By reason of its frequent quotation it might be contended that the same has now acquired the status of an opinion of this court. It is apparent that this court in the above cases overlooked the fact that a right could arise from the judgment that did not exist before, a right which cannot be denied to a party to the judgment without notice regardless of his failure to appear in the action or suit. In so far as the above decisions hold that notice of appeal need be served only upon such parties as have appeared in the action, they are expressly overruled.

We believe that both contentions as urged by the appellants are untenable and thus we must consider the contention of the plaintiff, Morrell Livestock Company.

The defendant Keith Levy, if he satisfied the present judgment, would have a right of contribution from the appellants. In the event the judgment would be conclusive in a subsequent action between them for contribution, a reversal or modification thereof could have the effect of depriving the said Keith Levy of this right of contribution. The cases are not in harmony on this question. However, we believe the rule to be, as stated in Restatement, Judgments, § 106, "Where an action is brought against two persons who are claimed to be parties in a single contract or liable for a single harm, and valid and consistent judgments are rendered with respect to each, the judgment for or against one of them is conclusive upon the other as to the matters decided therein, in a subsequent action between them for indemnity or contribution, if and only if the other had an opportunity to defend or to participate in the defense".

The record here discloses that the sole issue as alleged in plaintiff's complaint, in appellants' answer, in the evidence received in the trial, and the court's instructions to the jury was whether or not the appellants were partners of or engaged in a joint adventure in the purchase of the cattle from the plaintiff. By the verdict and the judgment entered thereon this issue was decided in the affirmative and it was determined that all of the defendants were liable to the plaintiff for the unpaid purchase price of the cattle. The only

material issue for decision in a subsequent action for contribution between the codefendants would be the identical issue that was decided herein.

The defendant Keith Levy was served with summons and complaint and named a party defendant therein. Clearly, he had an opportunity to defend and to participate in the defense had he desired to do so.

We are of the opinion that a reversal or modification of the judgment appealed from could adversely affect the defendant Keith Levy. He is, therefore, an adverse party within the meaning of SDC 33.0703. Plaintiff's motion must be granted.

The appeal is dismissed.

All the Judges concur.