#25423, #25466, #25503, #25559-dismissed-PER CURIAM

**2010 SD 59**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

#25423

IN THE MATTER OF B.C. AND I.C.,
ALLEGED ABUSED/NEGLECTED CHILDREN.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

HONORABLE KATHLEEN K. CALDWELL
Presiding Judge

* * * *

#25466

IN THE MATTER OF S.W., N.S., N.H. JR.,
N.H. AND A.H., ALLEGED ABUSED/NEGLECTED CHILDREN.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

HONORABLE KATHLEEN K. CALDWELL
Presiding Judge

* * * *

IN THE MATTER OF D.J.,
D.R. AND F.R., ALLEGED ABUSED/NEGLECTED CHILDREN.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

HONORABLE ROBIN J. HOUWMAN
Judge

* * * *

#25559

THE PEOPLE OF THE STATE OF SOUTH DAKOTA IN THE INTEREST OF
K.E., CHILD AND CONCERNING C.E. AND A.T., RESPONDENTS.
ROSEBUD SIOUX TRIBE, INTERVENER

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

HONORABLE JEFF W. DAVIS
Presiding Judge

* * * *

NICOLE J. LAUGHLIN
Office of the Minnehaha
   County Public Defender              Attorneys for appellant mother L.S.
Sioux Falls, South Dakota            #25423


STACY F. KOOISTRA
Myers & Billion LLP                 Attorneys for appellant mother N.S.
Sioux Falls, South Dakota            #25466

AMBER EGGERT
Office of the Minnehaha
    County Public Defender
Sioux Falls, South Dakota

Attorneys for appellant mother L.B.S.
#25503


PAUL JOHN BRANKIN
Dakota Plains Legal Services
Rapid City, South Dakota

Attorneys for appellant mother C.E.
#25559


ANN M. HOLZHAUSER
KIRSTEN E. JASPER
JEREMY LUND
Assistant Attorney's General
Department of Social Services
Pierre, South Dakota

Attorneys for appellee State of South
Dakota.


CYNTHIA A. HOWARD
Minnehaha County Office
    of the Public Advocate
Sioux Falls, South Dakota

Attorneys for appellee children.
#25466


JANET OLSON
Minnehaha County Office
    of the Public Advocate
Sioux Falls, South Dakota

Attorneys for appellee children.
#25503

\* \* \* \*

CONSIDERED ON BRIEFS
JUNE 10, 2010

OPINION FILED **07/14/10**

PER CURIAM

[¶1.]        Pending before this Court are motions to dismiss in four abuse and neglect appeals.  The Indian Child Welfare Act (ICWA) applies to these proceedings. In each instance, a parent appeals termination of parental rights.  Although a Tribe intervened in each case at the circuit court level, none of the appealing parents served a notice of appeal on the intervening Tribe.  The State contends that this failure to serve a notice of appeal requires dismissal.

## Analysis and Decision

[¶2.]        The question we must answer is whether failure to serve an intervening Tribe with a notice of appeal is jurisdictionally fatal.  SDCL 15-26A-4 provides:

> An appeal, permitted by § 15-26A-3 as of right shall be taken as follows: . . . (3) Service of the notice of appeal and docketing statement.  The appellant, or his or her counsel, shall serve the notice of appeal and docketing statement on counsel of record of each party other than appellant, or, if a party is not represented by counsel, on the party at his or her last known address.

[¶3.]        Recently, this Court examined the consequence of failing to serve a notice of appeal on a party.  *In re* Reese Trust, 2009 SD 111, 776 NW2d 832.  *Reese* involved a trustee who petitioned the circuit court to assume supervision of a trust and wind up its affairs.  *Id*. at ¶ 3.  As part of the petition, the trustee asked the court to distribute the trust assets to the Foundation.  *Id*.  The qualified charitable organization's board of directors requested that the assets be distributed to a specific club rather than to the Foundation.  *Id*.  A hearing was held on the petition, after which the circuit court ordered that the trust assets be distributed to the Foundation.  *Id*. at ¶ 4.  The Board appealed, but failed to serve the Foundation

with its notice of appeal. *Id.* The trustee moved to dismiss the appeal. *Id.* After reviewing previous decisions on the issue, we held that failure to serve the Foundation with the notice of appeal required dismissal of the appeal. *Id.* at ¶ 17.

[¶4.] In *Reese*, the Foundation was not an original party to the action and did not participate in the trial. *Id.* at ¶ 14. But this did not exclude the Foundation from being a "party entitled to service." *Id.* at ¶¶ 14-16. Here, the respective Tribe's participation in the lower court proceedings was varied and uncertain, other than filing a motion to intervene. Yet even if the intervening Tribe participated no further than to intervene, that is not dispositive. *See id.* at ¶ 15. We have explicitly overturned those cases holding that a party must participate in the trial to be entitled to service of the notice of appeal. *See* Morrell Livestock Co. v. Stockman's Comm'n Co., 77 SD 114, 119, 86 NW2d 533, 536 (1957).

[¶5.] In *Reese*, we examined the substantive law of trusts for assistance in determining the parties entitled to service. The ICWA allows Tribes to intervene in certain child custody proceedings involving Indian children. "In any State court proceeding for the foster care placement of, or termination of parental rights to, an Indian child, the Indian custodian of the child and the Indian child's tribe shall have a right to intervene at any point in the proceeding." 25 USCA § 1911(c).

[¶6.] The cases interpreting the ICWA are silent on this precise issue. Commentators writing on the ICWA, however, appear to suggest that notice of appeal should be served on the Tribe. "Once a tribe intervenes, it becomes a party to the case and is entitled to receive service of all motions and pleadings from that point forward." B.J. Jones, The Indian Child Welfare Act Handbook 55 (Section of

Family Law, American Bar Association 1995). No authority was cited for this proposition, nor was it suggested that failure to serve an intervening Tribe with a notice of appeal is a jurisdictional defect. Discussing the notice required to be given the Tribe at the adjudicatory and dispositional phases, a South Dakota commentator stated: "[o]bviously, if a party responds to either notice, notice should be given of all further proceedings to that party." Roger A. Tellinghuisen, *The Indian Child Welfare Act of 1978: A Practical Guide with [Limited] Commentary*, 34 SD L Rev 660, 673 (1988-89). It is clear that a Tribe is permitted to intervene "at any point in the proceeding." What is unclear is exactly what status is granted to a Tribe by intervening, and more precisely, whether that status requires service of a notice of appeal.[1] The answer is not apparent in ICWA jurisprudence.

---

1.   This Court has indicated that intervention will not necessarily grant the intervenor the status of an original party.

>   However, by granting Butler's motion to intervene, we allowed his "voice . . . to be heard" by this Court. Federal Deposit Ins. Corp. v. United States*, NoCV-96-98-ST, 1997 WL 214954, at *6 (DOr Jan. 3, 1997) (stating "[i]ntervention allows the third voice of the intervenor to be heard by the court and binds the intervenor to the judgment"). *See also* Kirkland v. New York State Dep't of Correctional Services*, 711 F2d 1117, 1128 (2dCir 1983) (stating that intervenor's interest entitled the intervenor to be heard, but was not such a strong interest to require consent to the agreement). However, allowing him to intervene in the action did not necessarily grant him the right, as he claims, to prevent dismissal of the action. An intervenor's presence in the action does not necessarily "clothe it with the status of an original party." Harris v. Amoco Prod. Co.*, 768 F2d 669, 675 (5thCir 1985). *See also Kirkland,* 711 F2d at 1126 (citation omitted) (stating that, even if an intervenor is granted unconditional intervention, the intervenor's rights are "not necessarily equivalent to that of a party").

(continued . . .)

[¶7.]     The South Dakota statute on intervention provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) When a statute of the state confers an unconditional right to intervene; or (2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

SDCL 15-6-24(a). The ICWA grants a child's Tribe the ability to intervene as a matter of right. The State argues that this requires a determination that each Tribe be treated as a real party to the action. In support, the State offers the following language: "By intervening as a matter of right under SDCL 15-6-24(a), Intervenor became a real party to the action. As such it became entitled to all the rights, benefits, and privileges of the originally named parties." Steiner v. County of Marshall, 568 NW2d 627, 635 (SD 1997) (Miller, C.J., concurring) (citation omitted). *Steiner* involved a dispute over real property. *Id.* Immediately before the above-quoted language, the concurrence cited the relevant portion of the statute as allowing intervention as a matter of right when "the applicant claims an interest in the property or transaction. . . ." *Id.* (quoting SDCL 15-6-24(a)(2)). No party suggests that tribal intervention was premised on this portion of the statute. The language offered by the State does not control this issue.

---

(. . . continued)
     Citibank (South Dakota), N.A. v. South Dakota, 1999 SD 124, ¶ 11, 599 NW2d 402, 405.

[¶8.]     When discussing whether an intervenor is authorized to appeal, commentators look to the interest of the intervenor.  "At the heart of almost every intervention case is the nature and extent of the applicant's interest in the proceeding."  David L. Shapiro, *Some Thoughts on Intervention Before Courts, Agencies, and Arbitrators*, 81 Harv L Rev 721, 729 (1968).  "An appeal will be allowed, however, only if the subsequent orders affect the intervenor and only to the extent of the interest that made it possible for the intervention."  Charles Alan Wright & Arthur R. Miller, Mary May Kane, 7C Federal Practice and Procedure, Civil 3d § 1923, at 644 (2007).

[¶9.]     Looking to the interest of an intervening Tribe is consistent with our decision in *Reese*.  There, we relied on previous South Dakota authority examining the interest of the party not served with the notice of appeal.  *Reese*, 2009 SD 111, ¶ 15, 776 NW2d at 836.  "We found it significant that the judgment appealed from in *Morrell* vested rights in the party not served and held that the party was entitled to rely upon those rights and that they should not be taken away without notice."  *Id*. (citing *Morrell,* 77 SD at 119, 86 NW2d at 536).  In *Reese*, the party who was not served with the notice of appeal was awarded the trust assets by the circuit court. *Id*. at ¶ 4.

[¶10.]     Our holding in *Reese* relied upon the vested interest of the unnoticed party for requiring service of the notice of appeal on that party.

> The final judgment of the circuit court distributing the trust assets to the foundation vested rights in that organization that cannot be denied without notice, regardless of its failure to appear in the action or suit before the circuit court.  Having failed to timely serve all parties entitled to service of its notice of appeal, the [Board's] appeal must be dismissed.

*Id.* at ¶¶ 16-17.   Like the Foundation in *Reese*, the intervening Tribes have compelling interests in the outcome of the pending appeals.  As recognized by this Court:

> Congress established ICWA to not only protect the interests of Indian children but also to avoid a considerable weakening of "*the* tribe's ability to assert *its* interest in *its* children." *Mississippi Band of Choctaw Indians v. Holyfield,* 490 US 30, 52, 109 SCt 1597, 104 LEd2d 29 (1989) (citing *In re Adoption of Halloway,* 732 P2d 962, 969-970 (Utah 1986)) (emphasis added). "The ICWA thus, in the words of the House Report accompanying it, 'seeks to protect the rights of the Indian child as an Indian and the rights of *the* Indian community and tribe in retaining *its* children in *its* society.'" *Id.* at 37, 109 SCt 1597. (emphasis added).  This is because:

>> The protection of this tribal interest is at the core of the ICWA, which recognizes that the tribe has an interest in the child which is distinct from but on a parity with the interest of the parents.  This relationship between Indian tribes and Indian children domiciled on the reservation finds no parallel in other ethnic cultures found in the United States.

> *Id.* at 52, 109 SCt 1597 (quoting *In re Adoption of Halloway,* 732 P2d at 969-70).

People *ex rel.* M.H., 2005 SD 4, ¶ 14, 691 NW2d 622, 627.

[¶11.]      The State has the burden of establishing facts to support its motions to dismiss.  *See* Carlton v. Saville, 55 SD 87, 224 NW2d 957, 959 (1929).  Considering the congressionally-recognized tribal interest in Indian children manifest in the ICWA, we conclude that the State has met its burden of establishing the Tribes as

parties "entitled to service" in accord with *Reese*. Therefore, we grant the motions to dismiss.[2]

[¶12.]    GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, MEIERHENRY, and SEVERSON, Justices, participating.

---

2.    Our decision should not be read to condone the State's careless practice in failing to include the intervening Tribes on the certificates of service of the notice of entry of orders.