#26092, #26093-dismissed-DG

**2012 S.D. 20**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

(#26092)

RABO AGRIFINANCE, INC., f/k/a AG
SERVICES OF AMERICA, INC., and
RABO AGSERVICES, INC.,          Plaintiffs,

  v.

ROCK CREEK FARMS,          Defendant and Appellant,

  and

MICHAEL ARNOLDY; ANN ARNOLDY;
and THE UNITED STATES OF AMERICA,          Defendants and Appellees,

  v.

DAVID M. FINNEMAN AND CONNIE S.
FINNEMAN, LUTZ/LAIDLAW PARTNERSHIP;
DANIEL R. MAHONEY; SUCCESSORS IN
INTEREST TO DAVID M. FINNEMAN AND
CONNIE S. FINNEMAN, d/b/a AIRPORT
FARMS; FARM CREDIT SERVICES OF
AMERICA f/k/a FARM CREDIT SERVICES OF
THE MIDLANDS, FCLA; BLACK HILLS
FEDERAL CREDIT UNION; AXA EQUITABLE
LIFE INSURANCE COMPANY; LAIDLAW
FAMILY PARTNERSHIP; TOM J. WIPF;
AMY WIPF; JOHNNY JAY WIPF, d/b/a WIPF
FARMS; JOANN WIPF; CEN-DAK LEASING
OF NORTH DAKOTA, INC.; SHEEHAN MACK
SALES AND EQUIPMENT, INC.; FARM CAPITAL
COMPANY, LLC; PORTFOLIO RECOVERY
ASSOCIATES, LLC; PFISTER HYBRID CORN CO.;
KAUP SEED & FERTILIZER, INC.; JOYCE M.
WOLKEN; CHARLES W. WOLKEN; STAN
ANDERSON; DENNIS ANDERSON; KENT
KJERSTAD; WILLIAM J. HUBER; KENDA K.
HUBER; YU BLU SNI, LLC; U.S. BANCORP
EQUIPMENT FINANCE, INC.; KENCO INC.

d/b/a WARNE CHEMICAL & EQUIPMENT COMPANY, INC.; DOUG KROEPLIN AG SERVICES, INC.; CREDICO, INC. d/b/a CREDIT COLLECTIONS BUREAU; SCOT D. EISENBRAUN, MELODY EISENBRAUN; BART CHENEY; HALL OBERLANDER, KEI OBERLANDER, RAY S. OLSEN; PATRICK X. TRASK; ROSE MARY TRASK; PENNINGTON COUNTY, SOUTH DAKOTA; and, MEADE COUNTY, SOUTH DAKOTA,                                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

(#26093)

RABO AGRIFINANCE, INC., f/k/a AG SERVICES OF AMERICA, INC., and RABO AGSERVICES, INC.,                                    Plaintiffs,

v.

DAVID M. FINNEMAN; CONNIE S. FINNEMAN,                                    Defendants and Appellants,

and

MICHAEL ARNOLDY; ANN ARNOLDY; and THE UNITED STATES OF AMERICA,                                    Defendants and Appellees,

v.

LUTZ/LAIDLAW PARTNERSHIP; DANIEL R. MAHONEY; SUCCESSORS IN INTEREST TO DAVID M. FINNEMAN AND CONNIE S. FINNEMAN, d/b/a AIRPORT FARMS; FARM CREDIT SERVICES OF AMERICA f/k/a FARM CREDIT SERVICES OF THE MIDLANDS, FCLA; BLACK HILLS FEDERAL CREDIT UNION; AXA EQUITABLE LIFE INSURANCE COMPANY; LAIDLAW FAMILY PARTNERSHIP; TOM J. WIPF; AMY WIPF; JOHNNY JAY WIPF, d/b/a WIPF FARMS; JOANN WIPF; CEN-DAK LEASING OF NORTH DAKOTA, INC.; SHEEHAN MACK SALES AND EQUIPMENT, INC.; FARM CAPITAL COMPANY; LLC; PORTFOLIO RECOVERY ASSOCIATES, LLC; PFISTER HYBRID CORN CO.; KAUP SEED & FERTILIZER, INC.; JOYCE M. WOLKEN; CHARLES

W. WOLKEN; STAN ANDERSON; DENNIS
ANDERSON; KENT KJERSTAD; WILLIAM J.
HUBER; KENDA K. HUBER; YU BLU SNI, LLC;
U.S. BANCORP EQUIPMENT FINANCE, INC.;
KENCO INC. d/b/a WARNE CHEMICAL &
EQUIPMENT COMPANY, INC.; DOUG KROEPLIN
AG SERVICES, INC.; CREDICO, INC. d/b/a
CREDIT COLLECTIONS BUREAU; SCOT D.
EISENBRAUN, MELODY EISENBRAUN;
BART CHENEY; HALL OBERLANDER,
KEI OBERLANDER, RAY S. OLSEN;
PATRICK X. TRASK; ROSE MARY TRASK;
PENNINGTON COUNTY, SOUTH DAKOTA;
and, MEADE COUNTY, SOUTH DAKOTA,          Defendants.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JOHN J. DELANEY, SR.
Judge

* * * *

STEVEN W. SANFORD
ALEX M. HAGEN of
Cadwell Sanford Deibert & Garry, LLP
Sioux Falls, South Dakota
 and
BRIAN L. UTZMAN of
Smoot & Utzman, P.C.
Rapid City, South Dakota                 Attorneys for defendant and
                                         appellant Rock Creek
                                         Farms (#26092).


JAMES P. HURLEY of
Bangs, McCullen, Butler,
  Foye & Simmons, L.L.P.
Rapid City, South Dakota                 Attorneys for defendants and
                                         appellants Finnemans (#26093).


ROBERT R. SCHAUB of
Sundall, Schaub & Fox, P.C.
Chamberlain, South Dakota                Attorneys for defendants and
                                         appellees Arnoldys.

JAN HOLMGREN
Assistant United States Attorney
Sioux Falls, South Dakota

Attorneys for defendant and
appellee the United States
of America.

* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 23, 2011

OPINION FILED **03/14/12**

GILBERTSON, Chief Justice

[¶1.]     Defendants and appellees Ann and Michael Arnoldy (Arnoldys) and the United States of America move to dismiss appeals filed by defendants and appellants Connie and David Finneman (Finnemans) (Appeal No. 26093) and Rock Creek Farms (RCF) (Appeal No. 26092) for failure to serve their notices of appeal on each party in this foreclosure action.  The motions are granted and the appeals are dismissed.

## Facts and Procedural History

[¶2.]     Rabo Agrifinance, Inc., and Rabo AgServices, Inc. (Rabo) commenced a foreclosure action in 2009 on a mortgage granted by Finnemans on approximately 17,000 acres of farmland.  Rabo commenced its action against Finnemans, RCF (Finnemans' successor in interest), and all parties who had or may have had an ownership or leasehold interest in the land.  Approximately 44 defendants were listed in Rabo's complaint, including Arnoldys and the United States as lienholders.  Arnoldys and the United States both filed answers in the action.

[¶3.]     In late 2009, Rabo moved for judgment on the pleadings.  The trial court granted the motion and, in January 2010, entered a judgment and decree of foreclosure in which it recognized RCF's owner's right of redemption.  A sheriff's sale took place in April 2010.  In March 2011, Ann Arnoldy redeemed from an assignee of the purchaser of the sheriff's certificate.  In May 2011, Arnoldys filed a Rule 60(b) motion to partially vacate the order for judgment on the pleadings and judgment and decree of foreclosure with regard to RCF's redemption rights.  On May 26, 2011, the trial court entered an order granting Arnoldys' motion.  The order

struck and vacated the portion of the judgment and decree of foreclosure recognizing RCF's redemption rights on the basis that RCF and its predecessors, Finnemans, waived those rights. The order also contained the following provision concerning payment of the lien held by the United States:

> The Judgment and Decree of Foreclosure is partially vacated upon the condition that the US Government's one-million dollar conviction lien against David M. Finneman and Connie Finneman be satisfied after Ann Arnoldy or Michael Arnoldy receive a deed to the foreclosed land from the Sheriff of Pennington County and after all appeals from this Order have been fully determined.

[¶4.]     On July 12, 2011, RCF filed a notice of appeal from the trial court's order partially vacating the judgment and decree of foreclosure and order granting the motion for judgment on the pleadings. Finnemans filed a separate notice of appeal from the same order on July 13, 2011.[1]

[¶5.]     On August 22, 2011, Arnoldys and the United States filed a joint motion for dismissal of Finnemans' appeal for failure to serve the notice of appeal on the United States and a number of other named parties. On August 24, 2011, Arnoldys and the United States filed a similar motion to dismiss RCF's appeal. On September 30, 2011, this Court entered orders in both cases deferring its decision, directing briefing on the motions, setting forth a briefing schedule, and staying briefing on the merits pending our final decision. We have consolidated the cases for purposes of deciding the motions to dismiss.

---

1.     RCF and Finnemans are represented by separate counsel in this matter.

## Issue

[¶6.]    **Whether Finnemans' and RCF's appeals should be dismissed for failure to serve notices of appeal on the United States and other named parties.**

[¶7.]    In *In re Reese Trust*, 2009 S.D. 111, ¶¶ 5, 14, 776 N.W.2d 832, 833, 836, this Court held:

> SDCL 15-26A-4 sets forth the steps for taking an appeal to this Court.  SDCL 15-26A-4(3) provides in pertinent part: "The appellant, or his or her counsel, shall serve the notice of appeal and docketing statement on counsel of record of each *party* other than appellant, or, if a *party* is not represented by counsel, on the *party* at his or her last known address."  (Emphasis added).  Failure to timely serve and file a notice of appeal is jurisdictionally fatal to the appeal.  *Hardy v. W. Cent. Sch. Dist.*, 478 N.W.2d 832, 834 (S.D. 1991) (citing *W. States Land & Cattle Co., Inc. v. Lexington Ins. Co.*, 459 N.W.2d 429, 432 (S.D. 1990)).
>
> . . . .
>
> Failure to serve a notice of appeal on a party before the time for taking an appeal has expired is fatal to the appeal and requires its dismissal.  *See Long v. Knight Const. Co., Inc.*, 262 N.W.2d 207 (S.D. 1978) (citing *Morrell Livestock Co. v. Stockman's Comm'n Co.*, 77 S.D. 114, 86 N.W2d 533 (1957)).

*Accord In re B.C.*, 2010 S.D. 59, 786 N.W.2d 350; *In re Estate of Geier*, 2012 S.D. 2, __ N.W.2d __; *In re Estate of Flaws*, 2012 S.D. 3, __ N.W.2d __.  "'[O]rdinarily, the term party has a technical legal meaning, referring to those by or against whom a legal suit is brought . . . the party plaintiff or defendant . . . .'" *Newman v. Newman*, 663 A.2d 980, 987 (Conn. 1995) (quoting *Lieberman v. Reliable Refuse Co.*, 563 A.2d 1013, 1017 (Conn. 1989)).

[¶8.]    Both Finnemans and RCF state in their briefs that approximately 44 defendants were named in Rabo's foreclosure action, including the United States.

The complaint was served on the United States as a defendant. Captions on the pleadings and other formal legal documents filed in the case listed the United States as a defendant. *See Reese Trust*, 2009 S.D. 111, ¶ 6, 776 N.W.2d at 833-34 ("Typically, the parties to a case can be identified by referring to the parties named in the captions on the pleadings and other formal legal documents filed in the proceeding."). Although Finnemans and RCF give inconsistent indications in their briefs as to whether the United States answered the complaint, the record clearly shows that the United States *did* file an answer. Both Finnemans and RCF state in their briefs that the United States appeared in the case, albeit belatedly. Both Finnemans and RCF state in their briefs that they simply concluded that they need not serve their notices of appeal on the United States and "other parties" whose rights of redemption to the property had lapsed. The certificates of service accompanying both Finnemans' and RCF's notices of appeal fail to reflect service on the United States.

[¶9.]        On the face of the briefs and record summarized above, the United States was a party defendant and should have been served with Finnemans' and RCF's notices of appeal. *See Reese Trust*, 2009 S.D. 111, ¶¶ 5, 14, 776 N.W.2d at 833, 836; *In re B.C.*, 2010 S.D. 59, 786 N.W.2d 350; *Estate of Geier*, 2012 S.D. 2, __ N.W.2d __; *Estate of Flaws*, 2012 S.D. 3, __ N.W.2d __. Failure to do so is jurisdictionally fatal to both appeals and requires their dismissal. *See id.*

***Suspension or Waiver of the Service Requirement***

[¶10.]        Finnemans and RCF offer a series of arguments against the above result. First, they assert that the requirement of timely service of the notice of

appeal on a party is non-jurisdictional and may be suspended or waived by this Court. They rely on SDCL 15-26A-2, -6, and -92. Those rules collectively indicate that only timely *filing* of the notice of appeal may not be suspended or waived.[2] Although SDCL 15-26A-4 suggests that both timely *service and filing* of the notice of appeal may not be suspended or waived,[3] Finnemans and RCF argue a harmonious construction of SDCL 15-26A-2, -4, -6, and -92 makes clear that only the timely *filing* of the notice of appeal is jurisdictional and may not be suspended

---

2.      SDCL 15-26A-2 provides:

> In the interest of expediting decision in cases of pressing concern to the public or to litigants, or for other good cause shown, the Supreme Court, *except as otherwise provided in § 15-26A-92*, may suspend the requirement or provision of these rules on application of a party or on its own motion and may order proceedings in accordance with its direction.

(Emphasis added).

SDCL 15-26A-6 provides in relevant part: "An appeal from a judgment or order must be taken within thirty days after the judgment or order shall be signed, attested, filed and written notice of entry thereof shall have been given to the adverse party."

SDCL 15-26A-92 provides:

> The Supreme Court for good cause shown may upon motion enlarge or extend the time prescribed by this chapter for doing any act or may permit an act to be done after the expiration of such time; but the Supreme Court may not enlarge the time for *filing* a notice of appeal.

(Emphasis added).

3.      SDCL 15-26A-4 provides in relevant part: "Failure of an appellant to take any step other than timely *service and filing* of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the Supreme Court deems appropriate, which may include dismissal of the appeal." (Emphasis added).

or waived. This argument ignores that to timely file a notice of appeal, it is necessary to timely serve the notice of appeal. *See* SDCL 15-26A-4(4) (stating the clerk of court shall not accept for filing a notice of appeal, "unless accompanied by . . . proof of service of copies thereof on each party other than the appellant"). Thus the requirement of timely service is subsumed within the requirement of timely filing of the notice of appeal and, like that requirement, it is jurisdictional and may not be suspended or waived by this Court.

[¶11.] Finnemans and RCF argue that this Court expressly concluded in *People ex rel. South Dakota Department of Social Services (Ex rel. DSS)* that "the *only* requirement which cannot be suspended is timely *filing* [of] a notice of appeal." 2011 S.D. 26, ¶ 7, 799 N.W.2d 408, 409 (emphasis added). In *Ex rel. DSS*, the father in a termination of parental rights appeal petitioned to have the appeal reinstated after it was dismissed for violation of the requirement of his signature on the notice of appeal. *See* SDCL 15-26A-4(1) (requiring a notice of appeal in a termination of parental rights case to be signed by "the appellant and his or her attorney."). In resolving whether the signature requirement was jurisdictional, this Court quoted SDCL 15-26A-2 and 15-26A-92 and observed, "the only requirement which cannot be suspended is timely *filing* [of] a notice of appeal." *Ex rel. DSS*, 2011 S.D. 26, ¶ 7, 799 N.W.2d at 409 (emphasis added). That observation, however, was not accompanied by any analysis or reversal of our prior case law recognizing the requirement of timely service of the notice of appeal on a party as jurisdictional and holding the lack of such service to be fatal to an appeal. *See Morrell*, 77 S.D. 114, 86 N.W.2d 533*; see also Long*, 262 N.W.2d at 208 (stating that failure to *serve*

notice of appeal upon defendant-respondent before the time for taking the appeal expired was fatal to the appeal); *W. States*, 459 N.W.2d at 432 (stating that failure to timely *serve* and file the notice of appeal was jurisdictionally fatal to the appeal's validity); *Hardy*, 478 N.W.2d at 834 (observing that failure to timely *serve* and file a notice of appeal is jurisdictionally fatal to an appeal's validity); *Reese Trust*, 2009 S.D. 111, ¶ 5, 776 N.W.2d at 833 (observing that failure to timely *serve* and file a notice of appeal is jurisdictionally fatal to the appeal); *In re B.C.*, 2010 S.D. 59, ¶ 3, 786 N.W.2d at 351 (observing that failure to *serve* a party with the notice of appeal requires dismissal of the appeal). Most of these decisions were not even discussed or mentioned in *Ex rel. DSS*. Therefore, we decline to view that case as modifying, narrowing, or overruling these decisions in a manner permitting the suspension or waiver of the requirement of timely service of the notice of appeal on a party.

### The United States' Status as a Party

[¶12.] Finnemans and RCF next argue that the United States was not a party entitled to service of the notice of appeal because it lost its party status by failing to act on its redemption rights and by allowing those rights to lapse. In support of this argument, they offer an analysis of the substantive law of foreclosure proceedings and redemption rights. As authority for such analysis, Finnemans and RCF cite *Morrell*, 77 S.D. 114, 86 N.W.2d 533, *Reese Trust*, 2009 S.D. 111, 776 N.W.2d 832, and *In re B.C.*, 2010 S.D. 59, 786 N.W.2d 350, contending those cases teach that it is the interest of the party not served with the notice of appeal, not its formal designation, that determines whether the party should have been served.

[¶13.]    Finnemans and RCF would read SDCL 15-26A-4(3) as only requiring service of the notice of appeal on each party *interested* in the appeal. The rule, however, is not so narrow and requires service on "each party," without qualification. *Id*. *Morrell*, *Reese Trust*, and *In re B.C.* offered unique challenges in identifying parties. In *Morrell*, the issue was over failure to serve a named codefendant who had not answered, appeared, or participated in the case below other than as a subpoenaed witness. Nevertheless, based in part upon the codefendant's interest in the judgment, this Court held he was a party entitled to service of the notice of appeal.[4] In *Reese Trust*, the issue was over failure to serve a Foundation that did not appear or participate in the trust proceedings below other than being named a new beneficiary of a trust whose original charitable purpose had become impossible to fulfill.[5] Noting the difficulty of identifying parties in such cases, this Court found the Foundation's interest in the judgment clarified that it was a party entitled to service of the notice of appeal. In *In re B.C.*, the issue was over failure to serve Indian Tribes that had intervened at the trial court level in four different child abuse and neglect cases where the Tribes' participation in the lower court proceedings was "varied and uncertain." 2010 S.D. 59, ¶ 4, 786 N.W.2d at 351. Based upon the Tribes' "compelling interests" in the outcome of the appeals,

---

4.    *Morrell* was actually decided under the prior version of the rule requiring service of the notice of appeal on only "'adverse part[ies].'" *Morrell*, 77 S.D. at 115, 86 N.W.2d at 534 (quoting SDC 33.0703). Thus, the unserved codefendant was not only deemed a party in the case, but an adverse party.

5.    The Foundation *was* served with the petition for distribution of trust assets that commenced the lower court proceedings in the case. *See Reese Trust*, 2009 S.D. 111, ¶ 13 n.5, 776 N.W.2d at 836 n.5.

this Court held the Tribes were parties entitled to service of the notices of appeal.[6]
*Id.* ¶ 10, 786 N.W.2d at 353.

[¶14.]     This case offers none of the unique challenges of *Morrell*, *Reese Trust*,
or *In re B.C.* in identifying the United States' status as a party in this matter.  *See*
*Geier*, 2012 S.D. 2, ¶ 18, __ N.W.2d at __ (observing that it is when parties cannot
be "readily identified" that the substantive law in the relevant type of proceeding
must be consulted to identify the parties required to be served with the notice of
appeal).  As noted above, the United States was named as a party defendant, served
as a party defendant, answered as a party defendant, and appeared and
participated in the case below.  Clearly, the United States was a party entitled to
service of the notice of appeal.

[¶15.]     Moreover, even if some additional interest by the United States in the
judgment or order was necessary for it to have party status in this matter, that
interest is also present.  As set forth under the facts, the order on appeal specifically
provided as to the lien of the United States that:

---

6.     Two more recent cases have offered similar challenges in identifying parties.
       In *Estate of Geier*, 2012 S.D. 2, __ N.W.2d __, the issue was over failure to
       serve the nonappealing heirs in an estate case who had been served with the
       pleadings relating to the appealing heir's petition for supervised
       administration of the estate and removal of the personal representative.
       Based in part upon the nonappealing heirs' potential financial stake in the
       outcome of the petition, this Court held they were parties in the case entitled
       to service of the notice of appeal.  In *Estate of Flaws*, 2012 S.D. 3, __ N.W.2d
       __, the issue was over failure to serve a putative heir of an estate who had
       been nominated by another putative heir to be a co-personal representative of
       the estate.  This Court held the first putative heir's potential interest in the
       estate and nomination as a co-personal representative were sufficient to
       make her a party in the case entitled to service of the notice of appeal
       (although we found the service requirement fulfilled by means not applicable
       here).

> The Judgment and Decree of Foreclosure is partially vacated upon the condition that the US Government's one-million dollar conviction lien against David M. Finneman and Connie Finneman be satisfied after Ann Arnoldy or Michael Arnoldy receive a deed to the foreclosed land from the Sheriff of Pennington County and after all appeals from this Order have been fully determined.

This provision guarantees the United States payment when Arnoldys receive a deed, obviating the need for further action. A lien, however, would require foreclosure by the United States and the additional costs and delays attendant to such an action before the debt would be satisfied. As the United States summarizes it, therefore, this provision, "represents the difference between being handed a check and going back to court." While Finnemans and RCF argue this provision is not the subject of their appeals, the entire order of the trial court would be before this Court on appeal and subject to reversal or a reversal and remand for further proceedings, placing the provision at risk. Therefore, we hold the United States' interest in having this provision upheld[7] reinforces its status as a party in this matter entitled to service of the notice of appeal.

[¶16.]    Finnemans and RCF also cite a series of cases requiring an *appellant* to have an interest in the controversy and to be prejudiced or aggrieved by the decision appealed from. *See In re Estate of Bartholow*, 2006 S.D. 107, ¶ 5, 725 N.W.2d 259, 261 (citing *Carlson v. W. River Oil Co.*, 75 S.D. 333, 335, 64 N.W.2d 294, 295 (1954); *Quinn v. Mouw-Quinn*, 1996 S.D. 103, ¶ 20, 552 N.W.2d 843, 847). They argue that these requirements help define the United States as a bystander or

---

7.    An interest apparently sufficient to warrant the United States' appearance and argument in these motion proceedings.

non-party to this appeal. However, these requirements apply only to the appellant and concern the right of appeal, not the right to respond. *See id.*[8] The United States was not the appellant here. Therefore, we find these requirements of no assistance in determining the United States' status in this matter as a party entitled to service of the notice of appeal.

**Waiver or Cure of Procedural Default**

[¶17.]       Finally, Finnemans and RCF again request that this Court exercise discretion to waive the requirement of timely service of the notice of appeal or permit them to otherwise cure their procedural default. We have addressed the jurisdictional nature of the service requirement and our inability to suspend or waive it above and will not readdress those issues here. The authorities cited by Finnemans and RCF in support of a waiver or cure have not involved procedural errors deemed jurisdictional in nature and, therefore, we find them distinguishable. *See Fair v. Nash Finch Co.*, 2007 S.D. 16, 728 N.W.2d 623 (failure to file a statement of issues in an administrative appeal in circuit court); *Christenson v. Bergeson*, 2004 S.D. 114, 688 N.W.2d 421 (failure to file a statement of issues in an appeal before this Court); *Vitek v. Bon Homme Cnty. Bd. Comm'rs*, 2002 S.D. 100, 650 N.W.2d 513 (a bond deficiency in an appeal from a county commission to circuit court); *Oberle v. City of Aberdeen*, 470 N.W.2d 238 (S.D. 1991) (failure to file a

---

8.    The requirements are designed to address the concern that an appellate court would otherwise decide "'abstract, hypothetical, or moot questions, disconnected from the granting of actual relief, however important and however simple they may be.'" *See Estate of Bartholow*, 2006 S.D. 107, ¶ 6, 725 N.W.2d at 261 (quoting *Massengill v. Massengill*, 36 Tenn. App. 385, 255 S.W.2d 1018 (1952)). We fail to identify any such concern resulting from the United States' participation in this appeal.

statement of issues in an administrative appeal in circuit court); *W. States*, 459 N.W.2d 429 (failure to file a statement of issues in an appeal before this Court); *Meade Educ. Ass'n v. Meade Sch. Dist. 46-1*, 399 N.W.2d 885 (S.D. 1987) (failure to file a statement of issues in an administrative appeal in circuit court); *State Highway Comm'n v. Olson*, 81 S.D. 237, 132 N.W.2d 927 (1965) (failure to file assignments of error in an appeal before this Court).

[¶18.]    *Matter of Weickum's Estate*, 317 N.W.2d 142 (S.D. 1982), also cited by Finnemans and RCF, did involve failure to serve the notice of appeal on parties to the action.  Although this Court held in that case that the failure to serve the notice did not affect the validity of the appeal, it also cautioned that future appellants should comply with the requirement, "or their appeal may be subject to dismissal." *Id*. at 144 n.1.  *Weickum's Estate* also failed to reconcile its resolution of the service issue with our earlier holdings requiring the dismissal of appeals where all parties are not served.  *See, e.g.*, *Morrell*, 77 S.D. 114, 86 N.W.2d 533; *Long*, 262 N.W.2d 207.  Therefore, we deem the disposition of this issue in *Weickum's Estate* anomalous and unpersuasive in this matter.

## Conclusion

[¶19.]    For the foregoing reasons, Finnemans' and RCF's appeals are dismissed for failure to serve their notices of appeal on each party to the action.

[¶20.]    Dismissed.

[¶21.]    KONENKAMP, ZINTER, SEVERSON, and WILBUR, Justices, concur.